

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2007

# Washington v. Sobina

Precedential or Non-Precedential: Precedential

Docket No. 05-4522

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Washington v. Sobina" (2007). *2007 Decisions*. Paper 9.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/9

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4522

———

RICHARD A. WASHINGTON

v.

RAYMOND J. SOBINA, SUPERINTENDENT;
THE DISTRICT ATTORNEY OF
THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF
THE STATE OF PENNSYLVANIA,
                                    Appellants

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-07474)
District Judge: Honorable Anita B. Brody

———

Submitted Under Third Circuit LAR 34.1(a)
October 22, 2007

Before: SLOVITER, CHAGARES, and HARDIMAN,
Circuit Judges

(Filed December 13, 2007 )

————

Thomas W. Dolgenos
Susan E. Affronti
Office of District Attorney
Philadelphia, PA 19107-3499

    Attorneys for Appellants

Richard A. Washington #DK-8177
Somerset, PA 15510

    Appellee Pro Se

———

OPINION OF THE COURT

———

SLOVITER, <u>Circuit Judge</u>.

    Federal judges reviewing habeas corpus matters often face a difficult assignment. Frequently, the state court records presented are in disarray or incomplete, the defendant was unrepresented or inadequately represented in the state proceedings, and the deference to be accorded is unclear, as it may depend on whether the state court's decision was based on a finding of fact or conclusion of law. In the appeal before us, the District Court undertook a meticulous examination of the record and the applicable legal principles, but our decision hinges on the characterization of the state court finding - one on which the parties vigorously disagree.

## I.

    Richard A. Washington was arrested on December 18, 1995, and thereafter charged in state court on numerous counts in connection with the kidnapping of Asha Woodall, his girlfriend, and the murder of Anthony Carney, who Washington believed was having a relationship with Woodall. <u>Washington v. Sobina</u>, 387 F. Supp. 2d 460, 462 (E.D. Pa. 2005). On December 22, 1998, after the first trial ended in a mistrial, the second jury found Washington guilty of criminal conspiracy, possession of an instrument of crime, and robbery of a motor vehicle. The jury also acquitted him of some charges, including first degree murder, and was unable to reach a verdict on the

counts charging the lesser degrees of murder and kidnapping.[1] On February 16, 1999, Washington was sentenced to five to ten years imprisonment on the three charges for which he was convicted.

On February 19, 1999, Washington, acting pro se, filed a post-sentence motion contesting his sentence without notifying his attorney that he had done so. On March 5, 1999, Washington's attorney presented a notice of appeal from the judgment of sentence, which was stamped by the clerk's office as "Received Accepted For Review Only Mar 5 1999 Criminal Appeals Unit First Judicial District of PA." App. at 91. There is no docket entry for a notice of appeal. On March 15, 1999, Washington's attorney was ordered by the trial judge "to file of record, a concise Statement of Matters Complained of on the Appeal." Wash. App. at 5. The letter from the judge stated that "[u]pon receipt of your reply to this order, I will write my Opinion forthwith." Wash. App. at 5.

On April 26, 1999, the trial court denied Washington's post-sentence motion. On April 30, 1999, the trial court issued an "Order" setting forth a procedural history of Washington's post-sentence filings, which included, inter alia, the following: "1. On 2/16/99, defendant was sentenced on the partial verdict of 12/22/98. 2. On 3/5/99, Appeal to Pennsylvania Superior Court accepted for review only." Wash. App. at 96.

Washington filed a habeas corpus petition in the Superior Court of Pennsylvania on November 8, 2001, which the court denied on January 30, 2002, citing to "Municipal Publications v. Court of Common Pleas, 489 A.2d 1286 (Pa. 1985) (stating that the Supreme Court of Pennsylvania has original jurisdiction to

---

[1] Washington's third trial began on February 10, 2003, and ended with a hung jury on February 21, 2003. Id. at 464. While awaiting a fourth trial, Washington pled guilty to the untried murder and kidnapping charges on May 9, 2006, and was sentenced to a total of seven and one-half to twenty years imprisonment to run concurrently with the sentence for the three counts of conviction.

3

issue a writ on the lower court where no appeal is pending.)".
Washington, 387 F. Supp. 2d at 464 & n.13 (emphasis added).
Washington filed a federal habeas corpus petition on February
19, 2002, which was summarily dismissed for non-exhaustion
because of the pendency of the state habeas petition.
Washington filed another state habeas corpus petition in the
Pennsylvania Supreme Court on March 12, 2002, which was
dismissed on June 4, 2002. On September 25, 2002, Washington
filed his second federal habeas corpus petition, which alleged
that his Sixth Amendment right to a speedy trial and his due
process right to a speedy appeal had been denied. It is this
petition that is the basis of this appeal.[2] The District Court
appointed counsel for Washington.

While the federal habeas petition was pending,
Washington, on August 11, 2003, again acting pro se, filed a
post-conviction review petition in state court, pursuant to the
Pennsylvania Post Conviction Relief Act ("PCRA"), alleging
that his right to appeal had been denied. The PCRA court
dismissed Washington's PCRA petition on June 22, 2004. In an
opinion filed August 23, 2004, the PCRA judge (who was also
the trial judge) set forth the basis for the June 22, 2004 order.
See App. 81-90. The court reviewed the procedural history,
noting that the Commonwealth had not filed an appeal from the
order dismissing the first degree murder charge, and stated that
"[t]he case was delayed multiple times because of scheduling
issues and because an appeal was filed with respect to
[defendant's] Robbery of Motor Vehicle conviction. The appeal
was ultimately withdrawn." App. at 85. The PCRA court then
listed the procedural events from December 17, 1999 until
February 12, 2003, ending with the hung jury and the case being
continued for status listing on February 26, 2003. The court
continued with its review of the proceedings, stating that on June
15, 2004, it allowed Washington to proceed pro se with his

_____

[2] This appeal was filed by Superintendent Raymond J.
Sobina, the Office of the District Attorney of Philadelphia, and the
Attorney General of the State of Pennsylvania ("Commonwealth"
or "government").

4

PCRA claims at his request. The court then stated "[o]n June 22, 2004, this court dismissed [d]efendant's PCRA claims for relief as untimely." App. at 86.

In the next section of the opinion of the PCRA court, under the heading "Legal Issue," the court again discussed the prior proceedings. The court stated:

> Defendant was convicted of the charges relevant to his PCRA petition on December 22, 1998 and sentenced on February 16, 1999. Defendant's post-sentence motions were denied on April 15, 1999. Defendant then had 30 days in which to file an appeal. Pa. R. Crim. P. 1410(A)(2). Defendant failed to do so. Therefore, the judgment in his case became final 30 days after April 15, 1999. See Commonwealth v. Smith, 818 A.2d 494, 495 (Pa. 2003); 42 Pa.C.S. § 9545(b)(1).

App. at 87 (emphasis added). The court continued:

> Defendant had one year from 30 days after April 15, 1999 to file a PCRA petition. 42 Pa.C.S. § 9545(b)(1). Defendant did not file his PCRA petition until August 11, 2003, more than two years after the judgment in his case became final relative to the instant charges. Therefore, in order for Defendant's PCRA petition to be timely, Defendant would have to allege one of the three timeliness exceptions in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) . . . .

App. at 88.

The PCRA court noted that Washington did not allege any of the timeliness exceptions but stated that he raised by implication a claim of government interference that the trial court had effectively denied his right to appeal or bring a timely PCRA petition by imposing sentence on him while other charges against him were still pending. The PCRA court concluded that the claim was without merit. Because Pennsylvania had no rule on point, the court considered cases from other jurisdictions that

5

permitted appeals on less than all counts of a criminal indictment even while other counts were still pending. It referred to, inter alia, United States v. Abrams, 137 F.3d 704, 707 (2d Cir. 1998) (noting majority approach permitting appeal from conviction and sentence on less than all counts of an indictment when other counts tried in same trial remained unresolved), and United States v. Kaufmann, 985 F.2d 884, 891 (7th Cir. 1993) ("[S]everal circuits have . . . entertained an appeal on one count of a criminal indictment while other counts of the indictment were unresolved.") (citing United States v. Cicco, 938 F.2d 441, 442 (3d Cir. 1991)).

Relying on these cases, the PCRA court rejected Washington's argument that the trial court could not have sentenced him on some of the charges on which he was convicted while others were still pending. It stated that Washington "cannot now claim that his failure to properly prosecute an appeal constitutes government interference based upon unlikely speculation that Pennsylvania would adopt the limited minority approach of barring appeals until all charges in an indictment receive final judgment." App. at 89. The PCRA court concluded that Washington "failed to bring his PCRA petition within the statutory time frame" and dismissed the petition as untimely. App. at 90.

Meanwhile, the matter was proceeding in federal court. After the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending rejection of some of Washington's claims but acceptance of his claim that his speedy appeal right was violated, both the Commonwealth and Washington filed objections. Undoubtedly the PCRA court's August 23, 2004 opinion left the District Court in a difficult position as to whether Washington had failed to file or had withdrawn his appeal. According to the District Court's listing of the sequential events, there was what is termed on the docket an evidentiary hearing on January 18, 2005, at which the Court determined, after consultation with the parties, that another evidentiary hearing would be necessary. Instead of waiting for the Superior Court decision on Washington's appeal of the denial of his PCRA petition, as the Commonwealth requested,

6

<u>see</u> App. 161-62, the District Court proceeded to conduct an evidentiary hearing on May 20, 2005 at which only Washington testified.

A review of the testimony at that hearing shows that it was focused on Washington's speedy trial claim, as the only references to the appeal were Washington's statements that he was trying to get to trial (on the still pending charges) so that he could pursue an appeal (on the charges for which he was convicted). <u>See</u> App. at 195-196. At the conclusion of the hearing on May 20, 2005, the District Court granted the parties permission to file two additional affidavits. Pursuant to that order, Washington filed the affidavit of his trial counsel, Charles Mirarchi, III, who stated that "[o]n March 7, 1999, I filed a Notice of Appeal based on Judge Poserina's February 16, 1999-sentence. That notice has never been dismissed. I was told by the Court that an appeal on a partial verdict could not be prosecuted." Wash. App. at 15-16.

Thereafter, on September 12, 2005, again without waiting for the Superior Court decision, the District Court issued its opinion on Washington's request for a writ of habeas corpus. <u>See Washington</u>, 387 F. Supp. 2d at 460. The Court agreed with the conclusion of the Magistrate Judge that Washington had exhausted his claim and that Washington's right to a speedy trial had not been violated. <u>Id.</u> at 468, 473. The Court then turned to Washington's claim that his right to a speedy appeal had been violated. The District Court rejected the government's argument that Washington had, in fact, never filed an effective notice of appeal and therefore no appeal was currently pending. <u>Id.</u> at 475. The Court noted that the government thereafter argued that the appeal was withdrawn and concluded that "the government has apparently abandoned the argument in its objection that the appeal was not effectively filed," <u>id.</u> at 474, but proceeded to consider the argument in any event. The District Court stated that "[t]he state court record indicates that the court accepted Washington's notice of appeal," rejected the government's contention that the state court could not possibly have accepted Washington's appeal because his post-sentence motion was pending, and instead stated "it is equally likely that the court did

7

not consider Washington's pro se post-sentence motion to be pending because Washington did not have the authority to file pro se motions while represented by counsel." Id. at 474-75. The District Court then rejected the government's contention that the speedy appeal claim was invalid because Washington failed to properly file a notice of appeal. The Court also rejected the government's argument that the notice of appeal had been withdrawn because the District Court found "by clear and convincing evidence that the appeal was not withdrawn." Id. at 475. The Court then conditionally granted Washington's petition for writ of habeas corpus based on failure of his speedy appeal right "unless the Pennsylvania Superior Court decides Washington's direct appeal by March 13, 2006." Id. at 477. That is the order the Commonwealth appeals to this court.[3]

Significantly, however, after the District Court issued its opinion, the Pennsylvania Superior Court on December 23, 2005, decided the appeal pending before it from the PCRA court's order dated June 22, 2004 dismissing Washington's PCRA petition as untimely filed. The Superior Court, although displaying some impatience with the PCRA court in some respects,[4] nevertheless agreed with the PCRA court that Washington's PCRA petition was untimely filed. Although it never mentioned the PCRA court's statement that the appeal was withdrawn, in its review of "the tortured procedural history of

---

[3] Washington also cross-appealed the District Court's denial of his claim that he was denied the right to a speedy trial as to the murder and kidnapping charges; that cross-appeal was dismissed per curiam by this court. See Washington v. Sobina, 475 F.3d 162 (3d Cir. 2007) (holding right to speedy trial is non-jurisdictional and therefore waived by voluntary and unconditional guilty plea).

[4] The Superior Court noted, inter alia, that the PCRA court dismissed the petition without the required twenty-day notice of intention to dismiss, a rule it had held to be mandatory although that was not raised on appeal, and that the PCRA court had failed to comply with its order by failing to notify it of the determination whether Washington's waiver of counsel was proper. Neither of these matters is relevant to the issue on appeal.

8

this case" it reiterated that pursuant to the Pennsylvania PCRA statute, any PCRA petition must be filed within one year of the date the judgment becomes final. App. at 74. The Superior Court stated that Washington's judgment of sentence became final on May 26, 1999, when the time period allowed for filing a direct appeal expired, that a timely petition had to be filed by May 26, 2000, and that Washington's petition "would appear to be untimely, as it was not filed until July 28, 2003." App. at 78. The court concluded that none of the statutory exceptions were applicable, and "as [Washington] fails to successfully invoke any of the time of filing exceptions contained in the Act, the petition remains untimely filed." App. at 79. Accordingly, the Superior Court affirmed the order of the PCRA court dismissing Washington's PCRA petition as untimely filed.

## II.

Although Washington filed his federal habeas petition under 28 U.S.C. § 2254, and the District Court exercised jurisdiction over his petition under 28 U.S.C. § 2254(a), he now claims that he should have filed his habeas petition under 28 U.S.C. § 2241 which would relieve him from the heightened standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We reject that claim for the reasons set forth in the margin.[5] We have jurisdiction over the

---

[5] Section 2254 confers jurisdiction on a federal court to entertain writs of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court." Washington argues that because the state trial court sentenced him on some charges while other charges remained open, his appeal rights were never triggered, and therefore the sentence is not a "judgment" under § 2254. Not only was this issue never raised in the District Court or in Washington's response brief to this court, but Washington's argument fails on its merits. We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Because Washington's speedy appeal claim argues that the state

9

District Court's final order pursuant to 28 U.S.C. §§ 1291 and 2253. We have plenary review over the District Court's grant of habeas corpus and review its factual findings for clear error. Rolan v. Vaughn, 445 F.3d 671, 677 (3d Cir. 2006).

**III.**

Section 2254(e)(1) of AEDPA provides: "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[6] 28 U.S.C. § 2254(e)(1).

The touchstone of AEDPA is the requirement that federal habeas courts should accord deference to the factual determinations of the state courts. Both the PCRA court and the Pennsylvania Superior Court found that Washington failed to file his PCRA petition (alleging denial of his appeal rights) in accordance with the time requirements of 42 Pa. Cons. Stat. Ann. § 9545(b)(1). That statute requires a petitioner to file a PCRA petition within one year of the date the judgment becomes final, unless one of three statutory exceptions applies.[7] The state

---

courts were too slow in resolving his appeal relating to the three counts on which he was convicted, this claim constitutes a challenge under § 2254.

[6]This presumption applies regardless of whether there has been an "adjudication on the merits" pursuant to § 2254(d). Nara v. Frank, 488 F.3d 187, 200-01 (3d Cir. 2007).

[7]These exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

courts found that none of the statutory exceptions applied, and the District Court did not hold otherwise.

We turn from Washington's failure to file a timely PCRA petition to the central question before us, whether Washington filed a timely notice of appeal for his purported direct appeal. It is uncontested that Washington's attorney handed a "Notice of Appeal" to a member of the Clerk's Office on March 5, 1999, but there is no reference to any notice of appeal on the state court docket. Based on its holding that no appeal was pending, the PCRA court dismissed Washington's PCRA petition as untimely. The Commonwealth argues that this determination must be given deference by the federal habeas court.

The District Court declined to do so, and did not follow the Commonwealth's request to await the outcome of the pending appeal to the Superior Court of the PCRA court's decision. Instead, the District Court rejected the Commonwealth's request that it stay the habeas proceeding to allow the Superior Court to decide Washington's appeal of the PCRA court's decision "[b]ecause Washington's appeal is still pending . . . [and therefore] his judgment has never become final for purposes of a PCRA petition." Washington, 387 F. Supp. 2d at 476.

This is troubling for several reasons. In the first place, the District Court's conclusion that "the state court lacks authority to decide Washington's PCRA petition," id., runs

---

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. Cons. Stat. Ann. § 9545(b)(1)(i)-(iii).

11

counter to its own discussion of the PCRA court's decision. If the District Court was saying that the PCRA court had no jurisdiction because Washington's direct appeal was still outstanding, there was no reason for the District Court to have considered the PCRA court's opinion at all. Yet it did so at some length. If the District Court was saying that the Superior Court would have no jurisdiction over the appeal from the PCRA court's decision, the District Court was overlooking the possibility that the Superior Court would have disagreed with the PCRA court's decision. We have made clear that in the event of a conflict between the fact findings of the state trial court and the state appellate court, deference should be given to the version reached by the higher court. Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996).

For purposes of comity, it would have been better practice for the District Court to have stayed the proceedings to allow the Pennsylvania Superior Court to decide Washington's appeal of the PCRA decision. Although doing so was not necessary under the exhaustion doctrine, "[a] federal district court 'should give careful consideration to the appropriate demands of comity in effectuating its habeas corpus decree.'" Gibbs v. Frank, 500 F.3d 202, 210 (3d Cir. 2007) (citation omitted). Because "important interests in comity and federalism require deference to factual determinations made by 'all state courts,'" Rolan, 445 F.3d at 679 (citation omitted), considerations of comity would have been best served if the District Court had given the Superior Court an opportunity to consider Washington's appeal before deciding the federal habeas petition. Had the District Court awaited the Superior Court's opinion, it would have noted that the Superior Court did not refer to the statement by the PCRA court that Washington's appeal had been withdrawn. Thus it would have been unnecessary for the District Court to have considered that statement which it then found was erroneous. Because the Superior Court did not state or intimate that Washington's appeal was withdrawn, we do not consider that possibility.

Instead, we focus only on the PCRA court's determination, affirmed by the Superior Court, that Washington

did not file an effective notice of appeal. The District Court rejected the government's argument that the appeal was not effectively filed by stating that "[t]he state court record indicates that the court accepted Washington's notice of appeal." Washington, 387 F. Supp. 2d at 474. Not only is that contrary to the finding of both the PCRA court and the Superior Court, but our review of the record convinces us that there is no basis for the District Court's contrary factual finding. In rejecting the PCRA court's findings, the District Court stated:

> While the government contends that the state court could not possibly have accepted Washington's appeal because Washington's post-sentence motion was pending, it is equally likely that the court did not consider Washington's pro se post-sentence motion to be pending because Washington did not have the authority to file pro se motions while represented by counsel.

Id. at 474-75. There was no reason for conjecture by the District Court. The fact remains that there is no docket entry showing a filing of the notice of appeal, which explains why "[t]here is no record of the state court rejecting Washington's appeal," an omission the District Court believed was relevant. Id. at 474 n.47. The fact that the notice of appeal was marked "Received Accepted for Review Only" further distinguishes the treatment of that document from one that is filed.

The only explanation we can find for the District Court's decision is that it apparently did not regard the finding of the PCRA court that no appeal had been filed as entitled to deference. However, in Thompson v. Keohane, 516 U.S. 99, 111-12 (1995), the Supreme Court differentiated "factual issues"[8] from questions of law, and noted that issues as to "what happened," "scene- and action-setting questions," as well as

---

[8]Thompson was decided prior to the enactment of AEDPA, and therefore its discussion of "factual issue" involved the interpretation of 28 U.S.C. § 2254(d), the predecessor of § 2254(e)(1).

13

matters that turn on the appraisal of witness credibility or demeanor are clearly factual and thus warrant a presumption of correctness under § 2254(e). Although the distinction between factual and legal questions is "sometimes slippery," id. at 111, we have followed the Supreme Court's definition of "factual issues" as "basic, primary or historical facts: facts in the sense of a recital of external events and the credibility of their narrators." See Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996) (internal quotations and citations omitted). "It is these 'factual issues' to which the statutory presumption of correctness predominately relates." Id. (citing Thompson, 516 U.S. at 110).

Under the statutory standards governing the granting of habeas relief, a state court's factual findings must be rebutted by clear and convincing evidence. See Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). Deference accorded a state court's determination of fact is not limitless, and "does not by definition preclude relief," Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); nevertheless, the burden is on the habeas petitioner to rebut the presumption of correctness by clear and convincing evidence. It is not enough to decide that the petitioner has advanced a plausible alternative to the factual findings of the state court. See Martini v. Hendricks, 348 F.3d 360, 368 (3d Cir. 2003).

The District Court, in concluding that the PCRA court's determination that no notice of appeal was filed was incorrect, failed to credit the PCRA court's determination because, as the District Court explained, the record was silent on the question. It is precisely because the Superior Court noted that the notice of appeal was accepted for review only but that there was no entry on the docket for the notice of appeal that its determination that no appeal was filed merits deference. Cf. Weeks v. Snyder, 219 F.3d 245, 259 (3d Cir. 2000) ("[An] implicit factual finding is due the same highly [deferential] presumption of correctness required by § 2254(e)."). Silence in the record is insufficient to overcome that presumption, especially in light of the fact that the judge who was involved in Washington's sentencing was the same judge who dismissed Washington's PCRA petition. The District Court erred in finding that there was clear and

14

convincing evidence to overturn the state court determination simply because there was a lack of evidence in the record stating that the appeal had been dismissed.

Moreover, the District Court failed to place the burden on Washington, as required by § 2254(e)(1). Washington did not meet that burden as he introduced nothing persuasive on the issue.[9] Instead, the District Court engaged in a speculative, independent analysis to find that the notice of appeal was properly filed, even though it was never docketed in state court and the PCRA trial and appellate courts found that Washington had failed to file it. The District Court determined that the record indicated that the state court had accepted the notice of appeal because there was never a dismissal of the notice, and it stated that the fact that the state court ordered a concise statement of matters complained of on appeal pursuant to Rule 1925(b) of the Rules of Appellate Procedure[10] "suggests that at the time the order [of April 30, 1999, listing some of

---

[9] We note that Washington's trial counsel, Charles P. Mirarchi, III, filed an affidavit with the District Court in which he stated that the appeal had never been dismissed and that he was told "that an appeal on a partial verdict could not be prosecuted." Wash. App. at 15-16. However, we do not find this assertion convincing, as Washington attempted to take an appeal from his sentence, not from the verdict. See Commonwealth v. O'Neill, 578 A.2d 1334, 1335 (Pa. Super. Ct. 1990) ("[I]t is well settled that in criminal cases appeals lie from judgment of sentence rather than from the verdict of guilt[.]").

[10] Rule 1925(b) states that where there has been a notice of appeal, the lower court "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on the appeal." Pa. R. App. P. 1925(b). In this case, the state trial judge ordered counsel for Washington to respond to his order within thirty days, or by April 15, 1999. The April 30, 1999 Order setting forth a procedural history of Washington's post-sentence filings listed the March 5 appeal accepted for review only and the March 15 order requesting a concise statement.

15

Washington's procedural history] was issued . . . the appeal was still pending." Washington, 387 F. Supp. 2d at 474 n.47. But see Satterfield v. Johnson, 434 F.3d 185, 192 (3d Cir. 2006) ("The mere fact that a court reviewed an application before dismissing it does not necessarily mean that an application was 'properly filed.'") (citing Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).

The District Court also addressed the fact that the state trial court ruled on Washington's pro se post-sentence motion, which it could not do if an appeal was in fact filed. See Pa. R. App. P. 1701(a) ("after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter"). Rather than infer from this that the trial court believed no appeal was pending, the District Court stated that "it is equally likely that the [state] court did not consider Washington's pro se post-sentence motion to be pending because Washington did not have the authority to file pro se motions while represented by counsel." Washington, 387 F. Supp. 2d at 474-75 (citing Commonwealth v. Pursell, 724 A.2d 293, 301-02 (Pa. 1999)). There was no basis for this hypothesis. Because the trial court ruled on Washington's pro se motion, the logical inference is that the notice of appeal had not been accepted because otherwise the trial court would no longer have had jurisdiction over the matter. See Pa. R. App. P. 1701(a).

We therefore conclude that the District Court erred in engaging in speculative, independent fact finding contrary to the determinations of the PCRA and Superior Courts that Washington failed to file a timely notice of appeal. The Court should have accorded those findings a presumption of correctness,[11] and placed the burden on Washington to come

_____

[11]As further support for our position, we note that the United States Supreme Court and this court have repeatedly held, in the context of the AEDPA tolling provision, 28 U.S.C. § 2244(d)(2), that when a postconviction petition is not timely under state law, "'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414 (citation omitted); see also Allen v. Siebert,

16

forward with clear and convincing evidence to the contrary.

We feel compelled to note that much of the difficulty in which Washington finds himself is of his own making. His penchant for filing pro se pleadings while he had counsel served to confuse the proceedings. Moreover, a fact not emphasized in the Commonwealth's brief but one that we find significant is that Washington was on notice as early as January 30, 2002, that the Superior Court believed that there was no appeal pending as that was the reason it gave for dismissing Washington's first state habeas petition.

## IV.

For the above-stated reasons, we will vacate the District Court's order, remand to that Court, and direct that it deny Washington's Petition for a Writ of Habeas Corpus.

_____

---

___ U.S. ___, 128 S. Ct. 2, 4 (2007). "Once the Pennsylvania court has so decided, it would be an undue interference for a federal district court to decide otherwise." Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).

Arguably, the failure to file a timely appeal could be considered a procedural default, but because the parties have not so argued we do not analyze this appeal in those terms. See Trest v. Cain, 522 U.S. 87, 89 (1997); Smith v. Horn, 120 F.3d 400, 409 (3d Cir. 1997).