

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2008

# Schwartz v. Colleran

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4197

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Schwartz v. Colleran" (2008). *2008 Decisions.* Paper 829.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/829

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4197
_____

MELVIN SCHWARTZ,

Appellant

v.

RAYMOND COLLERAN, Supt., S.C.I. Waymart;
GERALD PAPPERT, The Attorney General of the State of Pennsylvania;
THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-CV-5399)
District Judge:  Honorable John R. Padova

_____

Argued June 10, 2008


Before:  AMBRO, CHAGARES, and GREENBERG,  Circuit Judges.

(Filed July 18, 2008)


Dennis P. Caglia (Argued)
502 Swede Street
Norristown, PA 19401
*Counsel for Appellant*

A. Sheldon Civic (Argued)
Delaware County Court House
201 West Front Street

Media, PA 19063
*Counsel for Appellee*

_____

OPINION OF THE COURT

_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Melvin Schwartz appeals the order of the U.S. District Court for the Eastern District of Pennsylvania denying his petition for writ of habeas corpus. The issue on appeal is whether Schwartz's constitutional rights were violated by his appellate counsel's decision to file a notice of appeal in only one of Schwartz's three consolidated criminal cases. We also consider whether the District Court erred in failing to hold an evidentiary hearing to resolve this claim. For the reasons set forth below, we will affirm the order of the District Court.

## I.

Because the facts are well known to the parties, we will discuss them only briefly here. Schwartz, age 57, was arrested in July 1997 on charges relating to his sexual abuse of two minor female children, M.F., age 11, and D.B., age 12. He was arrested again in September 1997 and charged with videotaping M.F. performing sexual acts. The District Attorney's Office filed the charges under three separate case numbers: the first two as 2798-97 & 2799-97; the subsequent as Case No. 3632-97.

Following a bench trial in the three consolidated cases, Schwartz was convicted of indecent assault, indecent exposure, and corrupting the morals of children in

2

Case No. 2798-97 (involving D.B.), and of rape, statutory sexual assault, involuntary deviate sexual intercourse (IDSI), indecent assault, indecent exposure, and corrupting the morals of children in Case No. 2799-97 (involving M.F.). In Case No. 3632-97, involving the videotaping of M.F., Schwartz was found guilty of indecent exposure, corrupting the morals of children, and sexual abuse of children.

On December 9, 1998, Barry J. Much entered his appearance as Schwartz's appellate counsel. He appealed Schwartz's conviction in Case No. 2799-97 to the Pennsylvania Superior Court, attacking the weight of the evidence with respect to the rape, statutory sexual assault, and the IDSI convictions. The Superior Court rejected Schwartz's claims and affirmed the judgment of sentence in that case. The Pennsylvania Supreme Court denied allocatur.

Schwartz subsequently filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA), raising a number of issues, including ineffective assistance of pre-trial, trial, and appellate counsel. With respect to the issue on appeal here, Schwartz claimed that appellate counsel was ineffective for failing to challenge all of his convictions. The PCRA court rejected Schwartz's petition after holding a hearing at which Schwartz and his wife testified. On appeal to the Superior Court, Schwartz again claimed, *inter alia*, that appellate counsel was ineffective for failing to file a timely appeal of all the charges in Schwartz's three cases. The Superior Court concluded that "[a]ppellant did not establish at the PCRA hearing that he requested counsel to file an appeal on any of the less serious offenses. Thus counsel cannot be deemed ineffective for

3

failing to do so." Appendix (App.) 52. The Superior Court affirmed the PCRA court's denial of the petition.

Schwartz then filed the instant petition for habeas relief in the District Court for the Eastern District of Pennsylvania. Schwartz argued that appellate counsel provided ineffective assistance by failing to appeal all of his convictions in Case No. 2799-97 and any of his convictions in Case Nos. 2798-97 and 3632-97. Schwartz claimed that he had discovered new evidence – direct appellate counsel's files. He contended that these files showed that he had instructed Much to attack all of the convictions on appeal, including the less serious crimes of which he was convicted, and Much had failed to heed his request.

The District Court referred the petition to Magistrate Judge Jacob Hart. The Magistrate Judge issued a Report and Recommendation (R&R) on June 9, 2005, recommending that the petition be denied without an evidentiary hearing. On August 11, 2005, the District Court approved the R&R, over Schwartz's objections, except with respect to Schwartz's claim that appellate counsel was ineffective for failing to follow Schwartz's instructions that he appeal all of Schwartz's convictions. The District Court remanded to the Magistrate Judge for reconsideration of the claim in light of this Court's then-recent decision in Lewis v. Johnson, 359 F.3d 646, 659 (3d Cir. 2004), in which this Court held that a per se rule – that counsel acts reasonably in all cases where a notice of appeal was not filed and where defendant was silent – was contrary to Strickland v. Washington, 466 U.S. 668, 688-90 (1984).

4

On April 27, 2006, the Magistrate Judge issued a supplemental R&R, recommending again that Schwartz's claim of ineffective assistance be denied. The Magistrate Judge explained that unlike counsel in Lewis, "Schwartz'[s] counsel is in the unusual position of being accused of ineffectiveness of failing to file an appeal, despite the fact that he did file an appeal. The difference is that Schwartz was convicted in three cases that had been consolidated for trial. Counsel appealed only one of the cases, the one containing the most serious charges." App. 23.

The Magistrate Judge concluded that Schwartz's evidence did "not establish that he, in fact, requested counsel to challenge all of the convictions on appeal." App. 24. According to the Magistrate Judge, "[t]hroughout the correspondence [between Much and Schwartz], it is clear that Schwartz'[s] main concern was to attack the IDSI conviction." App. 25. The Magistrate Judge explained that trial counsel made the strategic decision that Schwartz should admit to the lesser offenses in order to earn credibility, and observed that "[r]eviewing the letters Schwartz wrote to his first appellate counsel, it certainly appears he was continuing this strategy." App. 26. Accordingly, the Magistrate Judge decided that counsel did not provide ineffective assistance in failing to challenge the lesser charges.

The District Court approved and adopted the Supplemental Report and Recommendation over petitioner's objections and denied Schwartz's motion for an evidentiary hearing. Schwartz then filed this timely appeal.

5

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo* whether the District Court applied the appropriate standard of review in light of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See Taylor v. Horn, 504 F.3d 416, 428 (3d Cir. 2007).

Under 28 U.S.C. § 2254, as amended by AEDPA, a state court's legal and factual determinations on the merits are entitled to deference. Lambert v. Blackwell, 387 F.3d 210, 238 (3d Cir. 2004). AEDPA established that federal courts cannot grant habeas relief in claims adjudicated on the merits "[u]nless the adjudication of the claim- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2).

A state court decision is "contrary to" Supreme Court precedent if the state court "arrives at a conclusion opposite to that reached" by the Court on a question of law, or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" that of the Court. See Williams v. Taylor, 529 U.S. 362, 405 (2000). An "unreasonable application" of Supreme Court precedent occurs: (1) "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;" or (2) if it "either unreasonably extends a legal principle from [Supreme

Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.

Under AEDPA we presume that state court findings of fact are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness is highly deferential and applies to implicit factual findings as well. Washington v. Sobina, 509 F.3d 613, 621 (3d Cir. 2007). In addition, we exercise plenary review over the District Court's factual findings where the court relies exclusively on the record from state court and does not conduct an evidentiary hearing. Slutzker v. Johnson, 393 F.3d 373, 378 (3d Cir. 2004). We also have plenary review of the District Court's determination regarding exhaustion. Holloway v. Horn, 355 F.3d 707, 713 (3d Cir. 2004). We review the District Court's denial of an evidentiary hearing for abuse of discretion. Taylor, 504 F.3d at 428 (citing Schriro v. Landrigan, 127 S.Ct. 1933, 1940, 1944 (2007); Hakeem v. Beyer, 990 F.2d 750, 758 (3d Cir. 1993)).

## III.

A federal court may not grant a writ of habeas corpus under § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner must "'fairly present' all federal claims to the highest state court before bringing them in federal court." Stevens v. Del. Corr. Ctr., 295 F.3d 361, 369 (3d Cir. 2002) (quoting Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002)).

Schwartz's *pro se* PCRA brief alleges ineffective assistance of appellate counsel Barry Much under the Sixth and Fourteenth Amendments of the U.S. Constitution. He raised the claims both before the PCRA court and the Superior Court on

PCRA review, and the courts reached a final decision on the merits.[1]  Because Schwartz

has exhausted his state court remedies, we next consider the merits of his ineffective

assistance of appellate counsel claim.

**IV.**

Schwartz contends that the District Court erred in denying his habeas

petition in light of the evidence that he had asked counsel to appeal all three cases.

Schwartz also argues that the District Court erred in failing to conduct an evidentiary

hearing.  We disagree.

At the outset, we note that AEDPA precludes an evidentiary hearing in this

case.  Under § 2254(e)(2), where a petitioner fails to develop the factual basis of a claim

in state court, a federal court cannot hold an evidentiary hearing on the claim unless

petitioner shows that:

> (A) the claim relies on--(i) a new rule of constitutional
> law, made retroactive to cases on collateral review by
> the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been
> previously discovered through the exercise of due
> diligence; and (B) the facts underlying the claim would
> be sufficient to establish by clear and convincing
> evidence that but for constitutional error, no reasonable
> factfinder would have found the applicant guilty of the
> underlying offense.

---

[1] Although Schwartz did not appeal his PCRA petition to the Pennsylvania Supreme
Court, he nonetheless exhausted state court remedies.  In re Exhaustion of State Remedies
in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket
No. 1 (Pa. May 9, 2000) (noting that "a [PCRA] litigant shall not be required to petition
for rehearing or for allowance of appeal following an adverse decision by the Superior
Court in order to be deemed to have exhausted all available state remedies").

28 U.S.C. § 2254(e)(2). The Supreme Court has explained that "[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Williams v. Taylor, 529 U.S. 420, 437 (2000). If there has been no lack of diligence on the part of petitioner, then he has not "failed to develop" the facts under § 2254(e)(2)'s opening clause, and "he will be excused from showing compliance with the balance of the subsection's requirements." Id. Schwartz contends that he "is not at fault for the insufficiency of the factual record [in state court]" and asserts that he only discovered the relevant evidence after the state court proceedings. Appellant Br. at 14-15. We disagree.

Schwartz's arguments that he could not have further developed the record in state court are unavailing. It is clear that Schwartz had in his possession some of the letters he sent to Much at the time of the PCRA hearing. In fact, at the PCRA hearing, Schwartz read from some of these letters. In addition, at the time of the PCRA hearing, Schwartz knew that Much had failed to file an appeal in two of his cases, yet he did not obtain an affidavit from Much to support his ineffective assistance claim.

Given that Schwartz failed to develop the record in state court and his claims do not fall under any of the exceptions to the diligence requirement outlined in § 2254(e)(2), the District Court correctly determined that an evidentiary hearing was not warranted in this case. We therefore limit our review of Schwartz's ineffective assistance of counsel claim to the record before the state court.

9

Next, we consider whether to apply AEDPA deference to the state court decision in this case. The Superior Court based its analysis of petitioner's ineffective assistance claim on a bright-line rule. As the District Court correctly observed, this bright-line rule of ineffectiveness of counsel applied by the Superior Court on PCRA appeal was "contrary to clearly established federal law, because it assume[d] competence despite the failure to file an appeal if the defendant did not explicitly request an appeal." App. 10-11 (citing Lewis v. Johnson, 350 F.3d 646, 659 (3d Cir. 2004)). Accordingly, AEDPA deference is not appropriate.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court clarified that the Strickland test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. Id. at 477. The Court noted that "[w]e have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. The Court considered the per se rule adopted by some circuits requiring counsel to file a notice of appeal unless defendant instructed otherwise and rejected the rule "as inconsistent with Strickland's holding that 'the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'" Id. (quoting Strickland, 466 U.S. at 688). To show prejudice, the Court explained that a defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 485.

We adopted the Supreme Court's reasoning in Lewis v. Johnson, 359 F.3d 646 (3d Cir. 2004), explaining that Flores-Ortega constituted "clearly established federal law" for purposes of AEDPA. Id. at 654; see also Harrington v. Gillis, 456 F.3d 118, 126 (3d Cir. 2006) (concluding that the Superior Court's PCRA decision was contrary to federal law as determined by Supreme Court precedent because the Superior Court applied a per se rule that where defendant did not ask counsel to file an appeal, he was not denied effective assistance).

After finding that Schwartz "did not establish at the PCRA hearing that he requested counsel to file an appeal on any of the less serious offenses," the Superior Court did not analyze Schwartz's ineffective assistance claim any further. It applied a per se rule and held that "[t]hus counsel cannot be deemed ineffective for failing to do so." In light of Flores-Ortega and Lewis, the decision by the Superior Court was an unreasonable application of clearly established federal law, and we therefore review *de novo* Schwartz's ineffectiveness of counsel claim. In doing so, we nonetheless treat the state court's factual findings with a presumption of correctness. See 28 U.S.C. § 2254(e)(1); Washington, 509 F.3d at 621.

**VI.**

The Supreme Court explained in Flores-Ortega that if counsel consulted with defendant, then counsel "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." 528 U.S. at 477-78. The state courts did not make any explicit findings of fact as to whether

counsel consulted with Schwartz. The opinions of the Superior Court and the PCRA court, however, contain implicit factual findings that consultation occurred. Washington, 509 F.3d at 621 (noting that we defer to implicit as well as explicit factual findings). The state courts both noted that Schwartz "instructed" and "asked" counsel to take certain steps regarding his appeal. App. 47, 52. Schwartz's testimony at the PCRA hearing also supports a finding that counsel consulted with him and he gave counsel instructions as to the appeal. As the District Court observed, "[t]he fact that appellate counsel did file an appeal of the charges that were of the most concern to Petitioner (the IDSI charge) indicates that he in fact did consult with Petitioner." Id.

Given that counsel consulted with Schwartz, we next consider whether Schwartz gave counsel express instructions with respect to the appeal that counsel failed to follow. Id. As noted above, the Superior Court found that "[a]ppellant did not establish at the PCRA hearing that he requested counsel to file an appeal on any of the less serious offenses." App. 52. We must defer to this factual finding unless there is clear and convincing evidence in the record to the contrary. See 28 U.S.C. § 2254(e)(1); see also Washington, 509 F.3d at 621.

After reviewing the PCRA hearing transcript and the record before the state court, we conclude that there is no clear and convincing evidence that Schwartz expressly requested that counsel file an appeal in all three of his criminal cases. Accordingly, counsel's performance was not objectively unreasonable because his actions did not contravene Schwartz's express instructions.

12

## VII.

For all of the foregoing reasons, we will affirm the District Court's order dismissing the habeas petition.