BLD-217                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4055
_____

CRAIG ALLEN WILLIAMS,
Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-01521)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal for a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6,
or a Decision on the Issuance of a Certificate of Appealability
April 14, 2016

Before:  FUENTES, KRAUSE, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 21, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Craig Williams, a District of Columbia offender currently incarcerated under federal custody at USP-Allenwood, appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the following reasons, we decline to issue a certificate of appealability and will summarily affirm the District Court's order.

On March 16, 1990, a jury in the Superior Court of the District of Columbia convicted Williams of first degree murder while armed, and he subsequently received a sentence of 20 years to life. Williams' efforts to challenge his conviction in the District of Columbia courts failed, both on appeal and also in post-conviction proceedings.

At some point, Williams was transferred from District of Columbia custody to federal custody pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997. Williams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 in the District Court in May 2008, albeit before a different district judge. The District Court construed the petition as a petition filed solely pursuant to 28 U.S.C. § 2254 because Williams, as a District of Columbia offender, was a state prisoner for purposes of habeas relief even though he was in federal custody. The District Court then transferred the petition to the United States District Court for the District of Columbia. Eventually, that court considered Williams' claims on the merits. See Williams v. Martinez, 683 F. Supp. 2d 29, 32-33 (D.D.C. 2010) (concluding that Williams' claims had no debatable merit and denying the issuance of a certificate of appealabilty to the United States Court of Appeals for the District of Columbia Circuit).

2

Williams returned to the Middle District and filed another § 2241 petition in August 2015, the dismissal of which is the subject of this appeal. In that petition, Williams argued that his 2008 petition was improperly construed as seeking relief under § 2254 and incorrectly transferred to the District of Columbia. He also reasserted the same ineffective assistance of counsel claims that he had raised in his 2008 petition. The District Court concluded that there was no error in the prior construal and transfer of the 2008 petition, and that Williams' re-raised claims were second or successive claims filed without Court of Appeals authorization. The District Court dismissed the August 2015 petition on October 27, 2015, and Williams filed a notice of appeal on December 23, 2015. On appeal, the Clerk notified the parties that the appeal was subject to possible dismissal for the jurisdictional defect of untimeliness, possible summary affirmance, and a decision on the issuance of a certificate of appealability. Williams filed a jurisdictional response and filed a separate response opposing summary affirmance and requesting the appointment of counsel on appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The appeal is timely because one of the parties is a United States official, and Williams filed his notice of appeal within 60 days. See Fed. R. App. P. 4(a)(1)(B). Although Williams is a state prisoner for purposes of the consideration of his habeas petitions, it is still the case that a federal official has custody over Williams and is the proper respondent here. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

3

To the extent a certificate of appealability is required, Williams must show "that jurists of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Otherwise, we may summarily affirm the District Court's order if there is no substantial question presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Williams' Ground One and Ground Two are not habeas claims at their core, as they challenge procedural determinations in his first set of proceedings on habeas review before a different judge in the United States District Court for the Middle District of Pennsylvania, rather than his conviction and sentence. Or, to put it another way, Williams' claims as set out in Ground One and Ground Two are not cognizable to the extent that they seek to use § 2241 to expand the scope of habeas review beyond § 2254 in cases like his.

In any event, those claims are inarguably meritless. "We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241." See Washington v. Sobina, 509 F.3d 613, 618 n.5 (3d Cir. 2007) (citing Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). As a District of Columbia offender, Williams is a state prisoner for purposes of habeas review. See Wilson v. U.S. Parole Comm'n, 652 F.3d 348, 352 (3d Cir. 2011). Precedent therefore forecloses Williams' argument that the District Court should not have construed his original habeas petition filed in May 2008 as filed pursuant to § 2254.

4

Furthermore, Williams has not provided any even arguable basis for the contention that his petition should have not have been transferred to the District of Columbia as the more convenient and appropriate forum. Thus, the District Court here indisputably did not err in dismissing Ground One and Ground Two in Williams' August 2015 petition.

Ground Three, for its part, merely re-raises the ineffectiveness claims that were found to lack any arguable merit before the federal courts in the District of Columbia. The appeal from the dismissal of Ground Three requires a certificate of appealability. See Coady, 251 F.3d at 486; accord Williams v. Martinez, 586 F.3d 995, 1002 (D.C. Cir. 2009) (noting, in Williams' appeal from the dismissal of his May 2008 habeas petition in the United States District Court for the District of Columbia, that a certificate of appealability was required because Williams is a state prisoner for purposes of habeas review). A certificate of appealability should not issue from the dismissal of Ground Three because the merits of the underlying ineffectiveness claim were already determined in the United States District Court for the District of Columbia, see 28 U.S.C. § 2244(a); cf. also Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (holding that § 2241 petitioner could not raise issues that "either had been, or could have been, decided in his previous habeas action"), and because Ground Three is a second or successive petition filed without the required Court of Appeals authorization, see 28 U.S.C. § 2244(b). Consequently, the District Court correctly recognized that it lacked jurisdiction to hear Ground Three. See Burton v. Stewart, 549 U.S. 147, 152-53 (2007).

5

For the foregoing reasons, jurists of reason would not dispute that a certificate of appealability should not issue on those questions for which one is required. See 28 U.S.C. § 2253(c); Slack, 529 U.S. at 484. On any issue where a certificate of appealability is arguably not required, the appeal presents no substantial question, and we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Williams' motion for the appointment of counsel on appeal is denied. See 18 U.S.C. § 3006A(a)(2)(B).