DLD-133                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1313
_____

ERIC X. RAMBERT,
Appellant

v.

WARDEN GREENE SCI; ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-03714)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, and
for a Decision on the Issuance of a Certificate of Appealability
June 6, 2024

Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: July 1, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Eric Rambert appeals the District Court's orders dismissing his habeas petition and imposing a filing injunction. For the reasons that follow, we decline to issue a certificate of appealability, and will summarily affirm the District Court's injunction order.

In 1983, Rambert pleaded guilty in the Philadelphia Court of Common Pleas to rape, burglary, and related charges, and was sentenced to an aggregate term of ten to 25 years' imprisonment. Then, in 1987, Rambert was convicted in the Allegheny County Court of Common Pleas of assault by a prisoner, riot, and criminal conspiracy in connection with an assault on a corrections officer at SCI-Pittsburgh. Rambert was sentenced as follows: "at Count I, two to ten years of incarceration 'to begin and take effect at the expiration of sentence imposed at any other information(s)'; at Count II, two to five years of incarceration 'to begin and take effect at the expiration of sentence imposed at Count I'; and at Count III, two to ten years of incarceration 'to begin and take effect at the expiration of sentence imposed at Count [II].'" Commonwealth v. Rambert, 290 A.3d 657 (Pa. Super. Ct. 2022) (Table).

After unsuccessfully challenging his convictions in the state courts, he turned to the federal courts. In 1997, he filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging his 1987 conviction. That petition was denied, and we declined to issue a certificate of appealability (COA). See C.A. No. 98-3589. In 2001, Rambert filed a § 2254 petition challenging his 1983 conviction. The District Court denied the petition as untimely, and we denied him a COA. See C.A. No. 02-3141.

Undeterred, Rambert sought to further challenge his convictions and sentences. He filed numerous applications with this Court for leave to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244, each of which was denied.  See, e.g., C.A. Nos. 07-1027, 13-3094, 16-1547 & 17-1354.  And, as the District Court explained, Rambert filed at least eight unauthorized § 2254 petitions in that Court, which were dismissed for lack of jurisdiction.[1]  See ECF No. 3 at 1 n.1; see also 28 U.S.C. § 2244(b)(3)(A) (requiring authorization from the Court of Appeals to file a second or successive § 2254 petition).  In September 2023, Rambert filed his latest habeas petition in the District Court, purportedly pursuant to 28 U.S.C. § 2241.  In that petition, he challenged the aggregation of his 1983 sentence with the 1987 sentence, claiming that he had maxed out his sentences on both convictions and was entitled to release.

On November 22, 2023, the District Court entered an order recognizing that the § 2241 petition was properly treated as an unauthorized § 2254 petition, and dismissing it for lack of jurisdiction.  The District Court also found that Rambert had demonstrated "an extensive history, pattern and practice of filing unauthorized, successive habeas petitions and other matters," and directed him to show cause why he should not be enjoined from filing any further federal habeas petitions with that Court challenging a prior state conviction or sentence unless he (1) files the petition on the standard § 2254 form, clearly

---

[1] The District Court noted that the majority of those habeas petitions challenged the 1983 conviction, but at least three of the eight also challenged the 1987 conviction.  See ECF No. 3 at 1. n.1.

identifies the state conviction or sentence being challenged, and pays the required filing fee or applies to proceed in forma pauperis; and (2) for any petition challenging his 1983 conviction and sentence, obtains prior authorization from this Court as required by 18 U.S.C. § 2244(b)(3)(A). ECF No. 3 at 2. The Court advised Rambert that if he did not respond to the show cause order within 30 days, it would be deemed unopposed, and an injunction would enter.

In an order entered February 2, 2024, the District Court noted Rambert's failure to respond to the show cause order, and entered a filing injunction consistent with the show-cause order. Rambert filed a notice of appeal.[2]

To the extent that Rambert appeals the dismissal of his habeas petition, he needs a certificate of appealability (COA) to proceed. See 28 U.S.C. § 2253(c)(1)(A); see also United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc) (explaining that a state prisoner must obtain a COA from the final order in either a § 2254 or § 2241

---

[2] Rambert's notice of appeal (NOA) was filed on February 12, 2024, and thus was clearly timely as to the order imposing the injunction. See Fed. R. App. P. 4(a)(1)(A). The District Court's November 22, 2023 order, which explained why the habeas petition was second or successive, and dismissed the petition for lack of jurisdiction, failed to comply with the separate judgment rule. See Fed. R. Civ. P. 58 (requiring that "[e]very judgment and amended judgment must be set out in a separate document"); see also In re Cendant Corp. Secs. Litig., 454 F.3d 235, 245 (3d Cir. 2006) ("[T]he separate judgment should be as minimal as possible to comply with Rule 58's requirements, and should include little more."). Thus, pursuant to Federal Rule of Civil Procedure 58(c)(2)(B), that judgment order was not deemed entered until 150 days later, on Monday, April 21, 2024 (the 150th day being a Saturday). The fact that Rambert's NOA was filed before formal entry of that judgment does not prevent this Court from exercising jurisdiction over the dismissal order. See Fed. R. App. P. 4(a)(2)(A), 4(a)(7)(B); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 n.5 (3d Cir. 2007).

proceeding "in which the detention complained of arises out of process issued by a State court"), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012). To obtain a COA, Rambert must show that reasonable jurists would debate the District Court's procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Rambert cannot make this requisite showing.

Although Rambert's habeas petition was styled as a § 2241 petition, it was properly construed as an unauthorized § 2254 petition which the District Court lacked jurisdiction to consider. See 28 U.S.C. § 2244(b); see also Washington v. Sobina, 509 F.3d 613, 618 n.5 (3d Cir. 2007) (recognizing that "a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241"). Rambert maintains that he is not challenging his conviction or sentence, but rather only his unlawful "confinement" beyond his maximum sentence date; because he "is not in custody" on his convictions, he argues, § 2241 is the appropriate vehicle for his claims. See NOA at 7. But Rambert is clearly challenging his sentence, arguing that the state sentencing court did not intend to aggregate his 1983 and 1987 sentences, a claim that was rejected by the state courts. See Rambert, 290 A.3d at *3 (concluding that "[t]he 1987 orders irrefutably demonstrate that there is to be an aggregation of his initial ten to twenty-five year term of incarceration from 1983 . . . with his consecutively constructed six to twenty-five year sentence imposed in 1987"). Thus, because jurists of reason would not debate the District Court's construction, and dismissal, of the habeas petition, we decline to issue a COA.

5

Rambert also challenges the District Court's order imposing the filing injunction. He does not need a COA to appeal from that order. See generally Harbison v. Bell, 556 U.S. 180 183 (2009). We have jurisdiction to determine whether the injunction represents an abuse of discretion. See 28 U.S.C. § 1291; see also In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989).

Filing injunctions "are extreme remedies and should be . . . sparingly used." In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989). They are not appropriate "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). Such injunctions require notice and "must be narrowly tailored to fit the particular circumstances of the case before the District Court." Id.

The District Court acted well within its discretion in imposing the filing injunction here. First, Rambert continuously abused the judicial process by repeatedly challenging his state court convictions and sentences in successive habeas petitions without first seeking authorization from this Court, as required by § 2244(b)(3)(A). Second, by its November 22, 2023 order, the District Court gave Rambert notice of the possibility of a filing injunction and an opportunity to show cause why such an injunction should not issue. Rambert argues in his notice of appeal that he did not receive a copy of the show-cause order. Even assuming that's true, the District Court docket indicates that Rambert was sent a copy of the docket sheet on December 22, 2023, in response to his status inquiry. The docket sheet set forth the crux of the show cause order. Rambert does not

6

dispute that he received the docket sheet. Nor did Rambert argue, either in a motion for reconsideration in the District Court or on appeal, why the injunction was unwarranted. Third, the District Court's order is narrowly tailored insofar as it bars only the filing of a habeas petition that does not comply with the local procedural rules and the rules governing habeas corpus cases, which Rambert has repeatedly ignored.[3] Under these circumstances, we cannot say that the District Court abused its discretion in imposing the filing injunction.

For the foregoing reasons, we decline to issue a certificate of appealability, and will summarily affirm the District Court's February 2, 2024 order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[3] As explained by the District Court, Rambert "often fails to file his [§] 2254 habeas petitions using the court's required standard form and, when doing so, has demonstrated a practice of obscuring his efforts to file successive [§] 2254 petitions by filing them under other, inapplicable provisions such as, in the present matter, [§] 2241." ECF No. 3 at 2 n.3