578 A.2d 1334

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles O'NEILL, III, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1990.

Filed Aug. 31, 1990.

James M. Lammendola, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before OLSZEWSKI, KELLY and JOHNSON, JJ.

KELLY, Judge:

In this case we are called upon to decide whether a trial court may proceed to sentence on one charge while holding post-verdict motions on a separate charge from the same jury trial verdict under advisement, and what effect inclusion of premature appeal of the still interlocutory verdict in a timely notice of appeal from sentence entered on the other charge has on the trial court's authority to rule on the post-verdict motions held under advisement on the still interlocutory verdict. We find that the trial court had authority to sever the charges at sentencing and to act on the post-verdict motions held under advisement, notwithstanding the premature inclusion of the still interlocutory verdict in the notice of appeal from the other judgment of sentence entered on the other charge.

We are also called upon to determine whether *Commonwealth v. Uhrinek*, 518 Pa. 532, 544 A.2d 947 (1988) has applicability to sufficiency of evidence claims as well as to claims involving exclusion of evidence. We find that *Uhrinek*, which sets forth a rule of admissibility, is inapplicable to issues of evidentiary sufficiency. We affirm judgment of sentence.

## I. *Facts and Procedural History*

Appellant was driving his pick-up truck on the evening of February 21, 1987 while intoxicated. At approximately 9:07 p.m., on a well-lit, wide, relatively empty street he struck and killed a pedestrian crossing the street at the corner. A blood alcohol test administered four and a half hours later showed the appellant to have a blood alcohol level of .27%. Coincidently, the autopsy showed the victim to also have a .27% blood alcohol level at the time of death.

Appellant was charged with driving while under the influence of alcohol (75 Pa.S.C.S. § 3731), homicide by vehicle (75 Pa.C.S.A. § 3732), homicide by vehicle while under the influence of alcohol (75 Pa.C.S.A. § 3735), and involuntary manslaughter (18 Pa.C.S.A. § 2504). Appellant was found not guilty of involuntary manslaughter and guilty of all other charges on July 19, 1988. On July 28, 1988, appellant filed a Motion for a New Trial or an Arrest of Judgment on the charges of homicide by vehicle and homicide by vehicle while under the influence of alcohol. On December 8, 1988, the post-trial motions were denied on the homicide by vehicle while under the influence of alcohol count and appellant was sentenced to the mandatory minimum sentence of three years imprisonment. The trial court took the motion on vehicular homicide under advisement. On January 3, 1989, appellant improperly filed his appeal on *both* charges despite the fact that his conviction of homicide by vehicle remained at that time an *interlocutory* verdict, not yet ripe for appeal. Subsequent to the filing of notice of appeal, on January 11, 1989, the trial court granted the Motion for an Arrest of Judgment on the charge of homicide by vehicle.

## II. *Arrest of Judgment*

■ Originally, appellant's notice of appeal purported to appeal *both* the Homicide by Vehicle (HBV) and Homicide by Vehicle While Under the Influence of Alcohol (HBV–DUI) *convictions*. Here, though, by the time the appeal was taken, judgment of sentence had been entered only on the HBV–DUI conviction. As it is well settled that in criminal cases appeals lie from judgment of sentence rather than from the verdict of guilt, *see Commonwealth v. Gumpert*, 354 Pa.Super. 595, 512 A.2d 699 (1986); *Commonwealth v. Luciano*, 345 Pa.Super. 83, 497 A.2d 655 (1985), it is clear that appellant's instant appeal is only properly before us with regard to his HBV–DUI conviction. However, as appellant has neither briefed, nor argued any challenge to the disposition of the HBV charge, which was clearly interlocutory when taken, *see id.*, we construe the

524

portion of appellant's appeal to that charge as inoperative surplusage.[1]

### III. *Sufficiency of the Evidence*

 Upon review of the record, we are satisfied that the evidence presented was more than sufficient to establish the elements of the crime of homicide by vehicle while under the influence of alcohol. Appellant was, unarguably, very drunk at the time he struck and killed the victim. Not only was there testimony concerning the appellant's appearance and behavior at the time of the accident which indicated that he was intoxicated, but a blood alcohol content test taken four and one half hours after the accident showed a blood alcohol content of .27%. (N.T. 7/15/88 at 59–66, 32–3). This is almost three times the .10% required to be legally intoxicated. Appellant was, consequently, convicted of driving while under the influence of alcohol.

The principle argument raised in appellant's brief is appellant's contention the evidence was not sufficient, beyond a reasonable doubt, to prove that defendant's operation of a vehicle while intoxicated was the actual cause of death of the decedent, who was himself intoxicated. (Appellant's brief at 3). Appellant would like somehow to make the deceased's intoxication exonerate him of his own guilt. Based on the evidence presented, we find no way logically to read the facts to effect such a result.

 Appellant has attempted to persuade the court to view the circumstances of this case as analogous to those in *Commonwealth v. Uhrinek*, 518 Pa. 532, 544 A.2d 947 (1988). In each case the victim was intoxicated at the time of his death, and each defendant wanted to use his victim's intoxication as proof that the victim brought about the

1. We note only that to the extent the Commonwealth, in its brief to this Court, purports to challenge the validity of the trial court's arrest of judgment on the HBV charge, *see* Commonwealth's Brief at 1, n. 1, such a challenge is waived for failure to timely appeal from that order within 30 days from its entry. *See* Pa.R.A.P. 903(a); *Commonwealth v. Cavanaugh*, 500 Pa. 313, 315, 456 A.2d 145, 146 (1983).

accident himself. Unfortunately for appellant, that is where the similarity ends.

In *Uhrinek* there was extensive testimony from the defendant as well as witnesses that the deceased, while joking with friends, darted into the street in an area not designated for pedestrian crossings. Moreover, though it was 1 a.m., the deceased was wearing sunglasses.

The case before us does not involve any behavior on the part of the deceased which could arguably be said to have precipitated the accident. The deceased, clearly visible for more than a block, crossed to the center of the street walking at a normal rate of speed. He was in a pedestrian crossing zone at an intersection. Appellant, approaching from the opposite side of the intersection had ample opportunity to see the victim and anticipate that he would continue walking to the other side of the street.

The crucial difference between this case and *Uhrinek* is the trial court's treatment of the evidence of each victim's intoxication. In *Uhrinek* the evidence of the victim's intoxication was withheld from the fact finder precluding its consideration as part of the "pedestrian dart out" theory of the defense. Here the defendant's theory of causation was presented without restriction. This material difference in the posture of the two cases further undermines appellant's reliance on *Uhrinek*. *Uhrinek* merely provides a rule of admissibility and not, as appellant suggests, a test for sufficiency. Even after *Uhrinek*, the fact finder remains free to accept or, as here, reject the defendant's theory of causation focussing on the pedestrian's intoxication.

When reviewing a case to determine whether the evidence was sufficient to support the verdict, the evidence must be viewed in the light most favorable to the Commonwealth, and all reasonable inferences therefrom must be drawn in favor of the Commonwealth. *Commonwealth v. Grayson*, 379 Pa.Super. 55, 549 A.2d 593 (1988). We find that the evidence of record amply supports the trial courts verdict of guilty of homicide by vehicle while under the influence of alcohol.

## IV. *Conclusion*

Based on the foregoing, we affirm the judgment of sentence entered on the charge of homicide by vehicle while under the influence of alcohol. Jurisdiction relinquished.

Judgment AFFIRMED.

OLSZEWSKI, J., filed a concurring and dissenting opinion.

JOHNSON, J., has concurred in the result of the majority opinion.

OLSZEWSKI, Judge, concurring and dissenting.

I wholeheartedly agree with the majority that the evidence presented was sufficient to convict appellant of homicide by vehicle while driving under the influence, and that *Commonwealth v. Uhrinek*, 518 Pa. 532, 544 A.2d 947 (1988) provides a rule concerning the admissibility of evidence, and not the sufficiency of evidence. On the other hand, I respectfully disagree with the majority's disposition of the homicide by vehicle charge as "surplusage." In my opinion, that portion of the appeal dealing with the homicide by vehicle charge is subject to quashal and remand to the trial court for appropriate action. Upon filing of the notice of appeal, the trial court was divested of jurisdiction pursuant to Pa.R.A.P. 1701(a). Therefore, I disagree with the majority's conclusion that the trial court retained jurisdiction to enter its order dated January 11, 1989. Accordingly, I cannot join in the comments set forth in footnote 1 of the majority opinion.

In the interest of judicial economy and prompt and effective disposition of cases, the better practice involving crimes arising from the same occurrence would be to argue and dispose of all post-verdict motions together. Since the constitutional prohibition against double jeopardy mandates that such crimes be tried together, it logically follows that post-trial matters in such cases should be dealt with in one proceeding wherever possible. Had the trial court done so

in this case, we would not be faced with the procedural morass confronting us today.