J. S02004/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                                   :            PENNSYLVANIA
                   v.                      :
                                                     :
REGIS BURLEY,                         :            No. 1480 EDA 2016
                                                     :
                     Appellant       :

Appeal from the Judgment of Sentence, April 27, 2016,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0003070-2015

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MOULTON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED FEBRUARY 08, 2017**

Regis Burley appeals from the judgment of sentence entered April 27, 2016,[1] in the Court of Common Pleas of Lehigh County, following his conviction in a waiver trial of two counts of driving under the influence of a controlled substance ("DUI").[2]  The trial court sentenced appellant to 72 hours to 6 months of imprisonment.  We affirm.

The trial court summarized the facts as follows:

> On November 1, 2014, at approximately 3:10 A.M., Trooper Eddie Pagan of the Pennsylvania State Police, Bethlehem Barracks, was dispatched to the

---

[1] Although appellant identifies his appeal as lying from the order finding him guilty, the appeal properly lies from the judgment of sentence.  We will, therefore, treat this appeal as having been properly taken from the judgment of sentence.  **See Commonwealth v. O'Neill**, 578 A.2d 1334, 1335 (Pa.Super. 1990).

[2] 75 Pa. C.S.A. §§ 3802(d)(1)(ii) and 3802(d)(3).

scene of a one (1) car vehicular accident on Irving Street, near the intersection with Postal Road, Allentown, Lehigh County, Pennsylvania. This location was approximately two (2) to three (3) miles from Trooper Pagan's then present location. The accident had been called in by a witness to the accident at about 3:00 A.M.[Footnote 3]

> [Footnote 3] The witness who had called 911 remained on the scene and Trooper Pagan had the opportunity to speak with him.
>
> In addition, Trooper Hodgskins testified that the area of the crash is an industrial/commercial location, and there is typically medium to heavy traffic on Irving Street at that time of night due to truck deliveries. Therefore, this Court found that the circumstantial evidence overwhelmingly showed that the accident occurred within minutes of it being called into the telecommunication center by the passerby. In addition, the fact that the [appellant's] nose was bleeding further supported that no substantial time passed between the accident and the troopers' arrival on scene.

Trooper Pagan, in full uniform and in a marked police cruiser, responded to the scene, along with his partner, Trooper Michael Hodgskins.[Footnote 4] Upon arriving on scene, Trooper Pagan and Trooper Hodgskins observed a red Toyota Celica at the bottom of a hill, pressed against a tree in a grassy area approximately one hundred (100) feet off the roadway. Trooper Pagan and Trooper Hodgskins walked down the hill and approached the driver's side of the vehicle. [Appellant] was seated in the driver's seat, holding the steering wheel. Trooper Pagan spoke with [appellant], who exited the subject vehicle. Trooper Pagan and Trooper Hodgskins posed general questions to [appellant] to determine if medical

treatment was necessary and in furtherance of the investigation.[Footnote 5]

> [Footnote 4]   Five (5) troopers responded to the scene, because initially the extent of the injuries were [sic] unknown.
>
> [Footnote 5]   At the time of the bench trial, this Court denied [appellant's] Motion to Suppress his Statements. [Appellant] argued that he was in custody at the time that he made a statement to the authorities, and consequently it was obtained in violation of his rights.   However, the video evidence demonstrated that Trooper Hodgskins stated to another trooper that "This is a DUI."  Unsolicited and without prompting, [appellant] stated, "It is a DUI.  I should be home." Consequently, this Court found that the statement made by Trooper Hodgskins was not made to elicit an incriminating response from [appellant], and therefore [appellant's] spontaneous comment was not suppressed.

Trooper Pagan and Trooper Hodgskins noted that [appellant's] nose was bleeding and that he had his eyes closed.   When [appellant] opened his eyes, Trooper Pagan observed that his eyes were glassy and bloodshot.   Furthermore, Trooper Pagan and Trooper Hodgskins smelled alcohol on [appellant's] breath.  [Appellant] was disoriented, unsteady on his feet, and incoherent.   Indeed, [appellant] did not know where he was and could not respond appropriately to the basic questions posed to him by Trooper Pagan.   Also, [appellant's] speech was slurred and he appeared disheveled.

Trooper Pagan and Trooper Hodgskins could not successfully administer field sobriety tests to [appellant] because he was unable to follow

directions, and they was [sic] not certain [of] the extent of [appellant's] injuries.

[Appellant] was transported to Lehigh Valley Hospital – Muhlenberg Campus, via ambulance. At Lehigh Valley Hospital, Trooper Pagan[Footnote 6] requested that blood be drawn from [appellant], because in his experience and training, he believed that [appellant] was under the influence of alcohol and incapable of safe driving based on his observations of [appellant] and the scene of the accident. Consequently, in Trooper Pagan's presence, blood was drawn from [appellant] at 4:06 A.M. Trooper Pagan transported the blood to Health Network Laboratories to be tested.

> [Footnote 6] Trooper Hodgskins also believed, in his training and experience, that [appellant] was under the influence of alcohol and incapable of safe driving. In fact, Trooper Hodgskins indicated that he believed that [appellant's] blood alcohol content was going to be quite high, based on [appellant's] behavior on [the] scene. Indeed, **_inter alia_**, [appellant] was unsteady of [sic] his feet, unable to answer questions, and could not follow directions.

[Appellant's] blood alcohol content was .07. When Trooper Pagan received the laboratory results, he requested that the blood be retested for the presence of controlled substances due to his observations at the scene.[Footnote 7] [Appellant's] blood was retested, and the lab results revealed that the blood sample contained 38.3 ng/ml PCP (Phencyclidine).[Footnote 8]

> [Footnote 7] Initially Trooper Pagan believed that [appellant] was under the influence of alcohol. However, when the blood test result came back as .07%, Trooper Pagan then believed that

[appellant] was under the influence of a controlled substance.

[Footnote 8] Melanie Stauffer, a certifying scientist for Health Network Laboratories, a licensed and approved laboratory to determine blood alcohol and drug content, testified with regard to the chain of custody of the blood sample. She explained that one (1) blood specimen had been drawn from [appellant]. Initially the blood was tested for alcohol. This initial testing of the blood occurred on November 3, 2014, at 11:02 P.M. Thereafter, the blood was placed in long term storage until November 21, 2014. At that time, the blood was retested for the presence of a controlled substance. Melanie Stauffer acknowledged that the chain of custody form failed to denote this second testing, but that the blood was properly maintained and retested according to lab procedures. Consequently, in light of Melanie Stauffer's testimony at trial, this Court did not find a viable chain of custody issue.

Trial court opinion, 6/3/16 at 2-5 (paragraph numbering and citations to trial exhibits omitted).

The record further reflects that appellant did not file post-sentence motions. Rather, appellant filed a timely notice of appeal to this court, and then complied with the trial court's order directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

   I. WHETHER THE TRIAL COURT ERRED IN FAILING TO SUPPRESS [APPELLANT'S] STATEMENT MADE AFTER THE POLICE STATED "THIS IS DEFININTELY [SIC] A DUI[?]"

   II. WHETHER THE TRIAL COURT'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE BECAUSE THE COMMONWEALTH DID NOT PRESENT SUFFICIENT TESTIMONY REGARDING THE CHAIN OF CUSTODY OF [APPELLANT'S] BLOOD AND TESTING THEREOF[?]

   III. WHETHER THE TRIAL COURT'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE BECAUSE THE COMMONWEALTH DID NOT PRESENT SUFFICIENT TESTIMONY REGARDING THE ACTUAL OPERATION OF A MOTOR VEHICLE[?]

   IV. WHETHER THE COMMONWEALTH FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION UNDER 75 PA. § 3802[?]

Appellant's brief at 5.

   Appellant first complains that the trial court erred when it denied his motion to suppress a statement he made because when appellant made that statement, he was subject to a custodial interrogation and was not given his **Miranda**[3] warnings.  Our standard of review for challenges to the denial of a suppression motion is as follows:

> [We are] limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.  Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

J. S02004/17

> defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. McAdoo***, 46 A.3d 781, 783-784 (Pa.Super. 2012), ***appeal denied***, 65 A.3d 413 (Pa. 2013) (citations omitted).

Here, no dispute exists that appellant was in police custody and had not yet received his ***Miranda*** warnings when he stated, "This is definitely a DUI." The inquiry, therefore, is whether the police were interrogating appellant at the time he made the statement. Interrogation occurs when the police should know that their words or actions are reasonably likely to elicit an incriminating response, and the circumstances must reflect a measure of compulsion above and beyond that inherent in custody itself. ***Commonwealth v. Bracey***, 461 A.2d 775, 780 (Pa. 1983). The law is clear, however, that a spontaneously volunteered statement is admissible notwithstanding a prior assertion of constitutional rights. ***In re D.H.***, 863 A.2d 562, 566 (Pa.Super. 2004) (citations omitted). Indeed, as our supreme court has held, "***Miranda*** does not preclude the admission of spontaneous utterances." ***Commonwealth v. Johnson***, 42 A.3d 1017,

- 7 -

1029 (Pa. 2012). In fact, our supreme court has often repeated that volunteered or spontaneous statements that are not the product of police conduct are admissible even when the suspect has not received ***Miranda*** warnings. ***See Commonwealth v. Baez***, 720 A.2d 711, 720 (Pa. 1998) (reiterating that it is "well established in Pennsylvania that volunteered or spontaneous utterances are admissible even though the declarant was not `***Mirandized***'"); ***see also Commonwealth v. Gibson***, 720 A.2d 473, 480 (Pa. 1998) (repeating that "[i]t is well settled that a gratuitous utterance, unsolicited by the police, is admissible and that ***Miranda*** warnings are unnecessary under such circumstances").

Here, the record reflects that the trial court admitted video evidence at trial. That evidence demonstrated that as troopers attempted to administer field sobriety tests to appellant, Trooper Hodgskins said to his colleagues, "This is a DUI." (Commonwealth Trial Exhibit 7.) Appellant then immediately stated, "This is definitely a DUI." (***Id.***) This court's review of the video evidence supports the trial court's conclusion that appellant's statement was not responsive to any question asked of him by law enforcement. Rather, appellant's statement was an unsolicited, spontaneous remark. Therefore, the trial court properly denied appellant's motion to suppress the statement.

Appellant's second and third issues challenge the weight of the evidence. Specifically, appellant complains that the testimony failed to

adequately support the chain of custody of his blood draw, as well as his DUI conviction. In order to raise a weight claim on appeal, Pennsylvania Rule of Criminal Procedure 607 requires appellant to raise the claim with the trial judge in a motion for a new trial "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607, comment.

Our review of the certified record reveals that appellant failed to file any post-sentence motions. Additionally, a review of the trial transcript and the sentencing transcript reveals that appellant failed to raise his weight claims with the trial judge at any time before sentencing. Therefore, appellant waives his second and third issues on appeal.

Appellant finally challenges the sufficiency of the evidence to sustain his DUI conviction. It is well settled that when challenging the sufficiency of the evidence on appeal, that in order to preserve that issue for appeal, an appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (citation and internal quotation marks omitted). Here, in his Rule 1925(b) statement, appellant frames his sufficiency challenge as follows: "The

Commonwealth did not present sufficient evidence to sustain a conviction under 75 Pa.[C.S.A.] § 3802." (Concise statement of matters complained of on appeal, 6/2/16 at 1, ¶B; Docket #20.) Appellant's sufficiency claim as set forth in his Rule 1925(b) statement fails to identify which element or elements of DUI the Commonwealth allegedly failed to prove. Accordingly, appellant waives his sufficiency challenge on this basis alone.

We do note, however, that a review of appellant's brief on this issue demonstrates that appellant does nothing more than incorporate his weight challenges and rehash the trial evidence in an attempt to convince this court that he did not drive under the influence of a controlled substance. In so doing, appellant's argument on this issue, therefore, challenges the weight of the evidence, not its sufficiency. **See**, **e.g.**, **Gibbs**, 981 A.2d at 281-282 (an argument that the fact-finder should have credited one witness' testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence); **Commonwealth v. Wilson**, 825 A.2d 710, 713-714 (Pa.Super. 2003) (a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); **Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa.Super. 1997) (the fact-finder makes credibility determinations, and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence). As previously discussed, appellant waived all weight challenges for failure to preserve them for appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2017