J-S65037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARIM ALI HOLMES, | : | |
| | : | |
| Appellant | : | No. 26 EDA 2017 |

Appeal from the Order dated September 1, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s):  CP-23-CR-0003176-2015

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 12, 2017**

Karim Ali Holmes ("Holmes") appeals from the judgment of sentence imposed following his conviction of attempted murder.  ***See*** 18 Pa.C.S.A. § 901.  We affirm.

On April 22, 2015, Stanley Sutton ("Sutton") was at his girlfriend's house when he received a phone call from Holmes, a longtime friend with whom he had recently been "beefing."  Holmes wanted to purchase marijuana. Sutton and Holmes agreed to meet at the corner of Radbourne Road and Crosley Avenue in Upper Darby, Pennsylvania.  When Sutton arrived at the agreed-upon location, Holmes was further up the street, so Sutton walked toward Holmes to meet him.  Sutton and Holmes walked together and talked before Sutton gave Holmes marijuana in exchange for cash.

Holmes directed Sutton into an alley behind Randbourne Road.  Sutton followed Holmes, who was walking a few feet in front of him, further into the

alley. Sutton heard gunshots, and saw a man shooting toward him from the opposite side of the alley. A guardrail separated Sutton from the shooter. After Sutton heard the gunshots, he turned around and walked out of the alley. Sutton then "felt [his] body feeling different." Sutton used his cell phone to call the police, and when he approached a playground on Crosley Road, he told the police that he was stopping at the park because he could not breathe.

Sutton identified the shooter as a man known to him only as "Slick." Sutton had known Slick for a few months, and had "hung around with him plenty of times in his house." Sutton had also seen Slick and Holmes together on several occasions.

At approximately 11:37 p.m., Upper Darby Police Officers Francis Devine ("Officer Devine") and Joseph DiFrancesco were dispatched to a playground located near the intersection of Crosley Road and Clover Lane, after receiving several calls for multiple shots fired. When the officers arrived, they saw Sutton lying on the ground, holding a cell phone, and bleeding profusely from a gunshot wound near his abdomen. Officer Devine also observed numerous bullet holes on Sutton's clothing, near his right shoulder.

Sutton was transported to Penn Presbyterian Medical Center in Philadelphia for treatment. The parties stipulated that Sutton's injuries were life threatening, and that they constituted serious bodily injury.

During the investigation, the police found shell casings in the alley, and a blood trail leading from the entrance of the alley to the sidewalk where the responding officers found Sutton.

Holmes was later arrested and charged with various offenses, including attempted murder, based on an accomplice theory of liability, *i.e.*, that Holmes had intentionally lured Sutton into the alley so that Slick could shoot him. Following a jury trial, Holmes was convicted of attempted murder. The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI"). The trial court subsequently sentenced Holmes to a term of 10 to 20 years in prison, with credit for time served.

Holmes filed a timely Notice of Appeal[1] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Holmes raises the following issues for our review:

---

[1] The Notice of Appeal, filed by trial counsel, incorrectly states that the appeal lies from the guilty verdict, rather than the judgment of sentence. *See Commonwealth v. O'Neill*, 578 A.2d 1334, 1335 (Pa. Super. 1990) (stating that "it is well settled that in criminal cases[,] appeals lie from judgment of sentence rather than from the verdict of guilt."). On December 21, 2016, trial counsel was permitted to withdraw, and the trial court appointed Jordan Glenn Zeitz, Esquire ("Attorney Zeitz"), as appellate counsel. On February 28, 2017, this Court entered an Order directing Holmes to show cause why his appeal should not be quashed as interlocutory. However, the Order was sent to trial counsel rather than Attorney Zeitz. On May 4, 2017, this Court dismissed the appeal for failure to file a brief. Attorney Zeitz filed an Application to Reinstate Appeal. This Court reinstated Holmes's appeal on May 19, 2017, and forwarded a copy of the February 28, 2017 Order to Attorney Zeitz. Attorney Zeitz did not respond to the Order. Nevertheless, we will treat this appeal as having been properly taken from the judgment of sentence.

I. Whether the trial court erred by summarily denying [] Holmes's [] Motion for judgment of acquittal without making any factual findings or conclusions of law[?]

II. Whether the verdict is against the weight of the evidence and/or is unsupported by substantial evidence[?]

III. Whether the trial court erred by summarily denying [Holmes's] post-sentence Motion for modification of his sentence[,] which was unduly harsh, manifestly excessive, and/or not otherwise appropriate under the sentencing code[?]

IV. Whether the trial court erred by allowing the Commonwealth to strike two black jurors[,] in violation of **Batson v. Kentucky**, 476 U.S. 79 (1986)[?]

Brief for Appellant at 4.[2]

We will address Holmes's first and second claims together. In his first claim, Holmes argues that the trial court erred in denying his Motion for judgment of acquittal. **Id.** at 11. In his second claim, Holmes contends that

---

[2] Holmes identifies a fifth issue in his Statement of Questions Involved. However, in the Argument section of his brief, he withdrew the claim. Brief for Appellant at 17.

the verdict is against the weight of the evidence,[3] and is "unsupported by substantial evidence." *Id.*[4]

Holmes argues that "the Commonwealth's theory of prosecution against [Holmes] is based wholly on inference, suspicion and conjecture[.]" *Id.* at 13. Holmes asserts that the record merely established that he met Sutton to purchase marijuana; he and Sutton walked down the alley to complete the drug transaction; and he ran away after another individual, located on the other side of the alley, started shooting in their direction. *Id.* at 13.

---

[3] Holmes failed to provide any argument relating to his claim that the verdict is against the weight of the evidence. *See* Pa.R.A.P. 2119(a). Thus, to the extent that Holmes challenges the weight of the evidence, his claim is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Moreover, Holmes failed to raise his challenge to the weight of the evidence with the trial court before sentencing, or in a post-sentence motion. *See* Pa.R.Crim.P. 607; *see also Commonwealth v. Sherwood*, 982 A.2d 483, 495 (Pa. 2009) (holding that the appellant waived his weight of the evidence claim by not raising it before the trial court).

[4] We observe that in the Argument section of his brief, Holmes failed to include a separate discussion of his first claim. *See* Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued …, followed by such discussion and citation of authorities as are deemed pertinent."). Instead, Holmes indicated that he consolidated the discussion of his claims because they involve "the same or substantially similar issues." Brief for Appellant at 11 n.6. Because "[a] motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge[,]" *Commonwealth v. Abed*, 989 A.2d 23, 26 (Pa. Super. 2010), and Holmes challenges the sufficiency of the evidence in his second claim, we will address Holmes's claims together.

Here, as the trial court observed, "[Holmes] does not specify which element of the charge the Commonwealth has failed to prove" in his Pa.R.A.P. 1925(b) Concise Statement. *See* Trial Court Opinion, 2/22/17, at 5. "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Stiles*, 143 A.3d 968, 982 (Pa. Super. 2016) (citation omitted); *see also* Pa.R.A.P. 1925(b)(4)(ii) (providing that "the Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). Holmes likewise failed to set forth in his brief the elements of attempted murder and the requirements for accomplice liability, or identify which elements the Commonwealth failed to establish. Therefore, Holmes's claim is waived. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (stating that "[w]here a 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal.") (citation, brackets, and ellipses omitted); *see also Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (concluding that appellant waived his sufficiency claim where his argument was underdeveloped, he did not "set forth the elements of the crimes he was convicted of" or "which specific elements were not met," and he "failed to specify which elements he was challenging in his 1925 statement").

In his third claim, Holmes asserts that his sentence is "unduly harsh, manifestly excessive, and/or not otherwise appropriate under the Sentencing Code." Brief for Appellant at 13. Holmes contends that the trial court did not explain why an aggravated range sentence was justified by the PSI and the sentencing guidelines. *Id.* at 14. Holmes further claims that he deserves a shorter sentence because he has a 3-year-old daughter; he works as a landscaper; he was not on probation or parole at the time of the underlying offense;[5] and he does not have a history of mental health problems. *Id.*

Holmes's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[5] Contrary to Holmes's assertion, he was on probation at the time of the offense. Indeed, his probation was revoked as a result of this offense. Holmes's appeal from the judgment of sentence imposed following the revocation of his probation is docketed at No. 1590 EDA 2017.

***Moury***, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Holmes failed to include a separate Pa.R.A.P. 2119(f) Statement in his brief, or to otherwise argue that he has presented a substantial question for our review. ***See*** Pa.R.A.P. 2119(f) (providing that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.") (emphasis added). The Commonwealth objected to this defect. Accordingly, Holmes's third claim is waived. ***See Commonwealth v. Anderson***, 830 A.2d 1013, 1017 (Pa. Super. 2003) (stating that "if an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review."). Moreover, although Holmes filed a post-sentence Motion to modify sentence, the Motion did not include his present assertion that his sentence is manifestly excessive. ***See Moury***, 992 A.2d at 170 (stating that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the

- 8 -

sentencing hearing or in a motion to modify the sentence imposed.").[6]

In his fourth claim, Holmes argues that the trial court erred by allowing the Commonwealth to strike two black jurors, in violation of **Batson**. Brief for Appellant at 16. Holmes claims that the Commonwealth's basis for striking each juror was "suspect." **Id.**

> In order to establish a **Batson** claim, a defendant must establish a *prima facie* case of purposeful discrimination. To do so, a defendant must demonstrate that he/she is of a cognizable racial group; that the prosecution has exercised peremptory challenges to exclude members of that racial group from the panel of venirepersons; and finally, that these facts and any other relevant circumstances raise an inference that the prosecutor used peremptory challenges to exclude venirepersons on the basis of race. Implicit in this scheme is the notion that peremptory challenges constitute a jury selection practice that allows for such discrimination by those who have a design to discriminate. If a defendant succeeds in establishing a *prima facie* case of purposeful discrimination, the prosecution is then required to provide non-discriminatory reasons for striking the potential jurors.

**Commonwealth v. Abu-Jamal**, 720 A.2d 79, 113-14 (Pa. 1998) (citations omitted). Further, to prove a **Batson** challenge, the moving party must provide a full record of the alleged violation. **Commonwealth v. Uderra**,

---

[6] We note that the trial court had the benefit of a PSI in imposing the sentence. **See** N.T., 11/22/16, at 13 (wherein the trial court indicated that it had read and reviewed the PSI "very carefully"); **see also Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) (stating that where the trial court had the benefit of a PSI, this Court will presume that the trial court was aware of, and considered all relevant factors, and "[h]aving been fully informed by the [PSI], the sentencing court's discretion should not be disturbed."). Additionally, the trial court noted the depravity of the "act of bringing a person [Holmes] knew well to a scene to be shot and to be killed," and that Holmes had previously committed various acts against the victim that were not prosecuted. N.T., 11/22/16, at 13-14.

862 A.2d 74, 84 (Pa. 2004). Specifically, the moving party must identify the race of all the venirepersons removed by the prosecution, the race of the jurors who served, and the race of the jurors acceptable to the Commonwealth who were stricken by the defense. *Commonwealth v. Washington*, 927 A.2d 586, 609 (Pa. 2007).

Here, Holmes failed to develop a record to support his *Batson* challenge. *See Uderra*, 862 A.2d at 84. As the trial court noted, Holmes

> only placed on record the race of the two prospective jurors struck by the Commonwealth. He did not place on the record the race of jurors actually chosen, the race of other jurors subject to peremptory challenges by the prosecutor, the race of jurors acceptable to the Commonwealth but struck by the defense, or the racial makeup of the venire.

Trial Court Opinion, 2/22/17, at 14; *see also Washington*, 927 A.2d at 609. Instead, Holmes simply states that "the jury pool had a very limited number of potential black jurors" and the Commonwealth's asserted basis for striking each juror was "suspect." Brief for Appellant at 16-17. Holmes's bald claim of discrimination does not entitle him to relief. *See Commonwealth v. Sanchez*, 36 A.3d 24, 46 (Pa. 2011) (concluding that appellant was not entitled to *Batson* relief where he "challenge[d] only one of the Commonwealth's race-neutral explanations and adduce[d] no evidence in support of his bald assertion of discrimination."); *see also Commonwealth v. Saunders*, 946 A.2d 776, 783 (Pa. Super. 2008) (stating that "the striking of a number of individuals belonging to some cognizable minority group … is

not dispositive that a violation of **Batson** has occurred." (citation and brackets omitted)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017