J-S32005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :               PENNSYLVANIA
                                           :
            v.                                  :
                                           :
                                           :
MARK ANTHONY DAVENPORT       :
                                           :
            Appellant              :    No. 501 MDA 2023

Appeal from the Judgment of Sentence Entered January 17, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000583-2021

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:              **FILED OCTOBER 11, 2023**

Appellant Mark Anthony Davenport appeals from the judgment of sentence imposed by the Cumberland County Court of Common Pleas after a jury found him guilty of, *inter alia*, Disarming Law Enforcement.[1] He challenges the sufficiency of the evidence supporting that conviction and the discretionary aspects of his sentence. After careful review, we affirm.[2]

---

[1] 18 Pa.C.S. § 5104.1(a).

[2] Appellant's brief does not contain the order on appeal; instead, it recites excerpts from the trial court's Pa.R.A.P. 1925(a) Opinion under the heading "Order or other determination in question." In addition, counsel indicated on the notice of appeal that Appellant was appealing from the jury's verdict. The order from which appeal is properly taken in this instance is the judgment of sentence. **See Commonwealth v. Charles O'Neill**, 578 A.2d 1334, 1335 (Pa. Super. 1990) ("[I]n criminal cases appeals lie from judgment of sentence rather than from the verdict of guilt."). **See also Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) ("In a criminal action, appeal properly lies from the judgment of sentence made final
*(Footnote Continued Next Page)*

**A.**

The trial court aptly summarized the factual and procedural history of this case, which is supported by the record, as follows:

> On March 4, 2021, at approximately 10:50 AM, Corporal Brian Milore of the Pennsylvania State Police was in an unmarked patrol vehicle in Cumberland County, near mile marker 210 of the Pennsylvania Turnpike. At that time, Corporal Milore observed a white Honda Civic travelling eastbound at a high rate of speed. He initiated a traffic stop, and the driver of the Honda Civic pulled over, before driving back onto the Turnpike and continuing eastbound. Corporal Milore pursued the vehicle, at speeds in excess of 120 miles per hour, for approximately fifteen miles in the eastbound direction, before the driver of the Honda Civic turned around and began driving at a high rate of speed, traveling [*sic*] west bound in the eastbound lanes of travel.
>
> After driving against the flow of traffic for roughly seven miles, the driver of the Honda Civic lost control and crashed into a field near mile marker 217. As Corporal Milore ran up to the vehicle, the engine was revving as though the driver was trying to drive out of the field and continue to flee. Corporal Milore pulled the driver, later identified as Appellant, from the vehicle, and began attempting to place Appellant under arrest. A struggle ensued, with Appellant first wrapping Corporal Milore in a bear hug, and then placing his hands on the Corporal's service pistol as the pair fell to the ground.[] [Corporal Milore hit Appellant in the head with his fist and the gun as he struggled for control of the firearm.] Eventually, Appellant was able to break away and make a run for the Turnpike, where several bystanders were parked after witnessing Appellant crash his vehicle. Appellant ran up to the vehicle driven by Joseph Dilling and attempted to climb inside, before being intercepted by Trooper Michael Gantt and placed under arrest.

Tr. Ct. Op., 4/25/23, at 2-3.

---

by the denial of post-sentence motions."). Further, we remind counsel that our briefing rules require that the text of the order on appeal be set forth verbatim. *See* Pa.R.A.P. 2115(a).

On May 24, 2021, the Commonwealth charged Appellant with Disarming a Law Enforcement Officer, Fleeing or Attempting to Elude the Police, Resisting Arrest, and Recklessly Endangering Another Person.[3]

A two-day jury trial ensued on December 6-7, 2022, at which Corporal Milore, Trooper Michael Gantt, and Joseph Dilling testified. *See* N.T., 12/6/22 and 12/7/22. Appellant presented no evidence. The jury convicted Appellant of the above charges on December 7, 2022.[4] The court ordered a pre-sentence investigation report and deferred sentencing.

On January 17, 2023, the court sentenced Appellant to an aggregate term of 60 to 120 months' incarceration.[5] On January 27, 2023, Appellant's current counsel entered his appearance, and filed a timely post-sentence motion, followed by, with leave of court, an amended post-sentence motion on March 1, 2023, challenging the weight and sufficiency of the evidence.

---

[3] *See* 18 Pa.C.S. §§ 5104.1(a)(1) (Disarming Law Enforcement), 75 Pa.C.S. § 3733 (Fleeing of Attempting to Elude Police Officer); 18 Pa.C.S. § 5104 (Resisting Arrest); 18 Pa.C.S. § 2705 (Recklessly Endangering Another Person).

[4] The jury acquitted Appellant on charges of Criminal Attempt to Criminal Homicide, Aggravated Assault-Attempt to Cause Serious Bodily Injury, and Aggravated Assault (Attempt to Cause Bodily Injury).

[5] Relevant to this appeal, the court imposed a sentence of 24 to 48 months' incarceration for count 4, Disarming Law Enforcement. At count 5, Fleeing or Attempting to Elude Police, the court imposed a sentence of 36 to 72 months' incarceration, to run consecutive to the sentence imposed at count 4. The court ordered the remaining incarceration sentences imposed at counts 6 and 7 to run concurrently with the sentences imposed at counts 4 and 5.

Appellant did not raise a challenge to the discretionary aspects of his sentence. The court denied the motion on March 3, 2023.

Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

**B.**

Appellant raises the following issues for our review:

1. Whether the jury was presented with insufficient evidence to find [Appellant] guilty of Count 4 – Disarming Law Enforcement?

2. Whether the trial court abused its discretion by improperly sentencing [Appellant] to consecutive sentences only on Cou[n]ts 4 and 5?

Appellant's Br., at 7.

**C.**

In his first issue, Appellant purports to challenge the sufficiency of the evidence supporting his conviction for Disarming Law Enforcement. He contends that the evidence did not show that he removed or attempted to remove the firearm from the police officer. Appellant's Br. at 13. In support, he provides his version of the events leading up to his arrest, together with explanations of why he acted as he did. *Id.* at 15-17. No relief is due.

The standard we apply in reviewing the sufficiency of the evidence is well-settled. We view all the evidence admitted at trial in the light most favorable to the verdict winner to determine whether it, and all reasonable inferences drawn therefrom, enabled the fact finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Talbert*, 129 A.3d

536, 542 (Pa. Super. 2015). "In applying the above test, we may not weigh the evidence and substitute our judgment for the fact finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* at 542-43 (citation omitted). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id*. at 543. "[I]n applying the above test, the entire record must be evaluated and all evidence actually received must be considered." *Id*. (citation omitted). In addition, "the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced[,] is free to believe all, part or none of the evidence." *Id*. (citation omitted).

A person commits the crime of Disarming Law Enforcement Officer when he:

> (1) without lawful authorization, removes or attempts to remove a firearm, rifle, shotgun or weapon from the person of a law enforcement officer or corrections officer, or deprives a law enforcement officer or corrections officer of the use of a firearm, rifle, shotgun or weapon, when the officer is acting within the scope of the officer's duties; and
>
> (2) has reasonable cause to know or knows that the individual is a law enforcement officer or corrections officer.

18 Pa. C.S. § 5104.1.

Here, Appellant acknowledges that he ignored Corporal Milore's order to get out of the car and states that "there is conflicting testimony as to what ensued." Appellant's Br. at 15-16.[6] In support of his sufficiency challenge, Appellant provides self-serving commentary on the evidence that was presented and concludes that he did not intend to disarm the corporal, rather he only wanted to prevent the trooper from hitting him again "or worse, shooting him." Appellant's Br. at 17.

The trial court addressed Appellant's sufficiency claim and concluded it is without merit. The court explained as follows:

> In this case, the jury heard testimony from Corporal Milore that Appellant attempted to either remove his service pistol,[] or deprive him of its use, while he was attempting to place Appellant under arrest. That testimony notably included the fact that Appellant had both of his hands on Corporal Milore's service pistol while the two were struggling on the ground. ***See***, ***e.g.***, [N.T., 12/6/23, at] 90. While Appellant contends that he was attempting to prevent Corporal Milore from striking him with the service pistol, he developed that argument at trial and the jury heard and evaluated the credibility of the testimony on that point. [ ] Thus, in reviewing the facts in the light most favorable to the Commonwealth as verdict winner, while resisting his lawful arrest Appellant struggled with Corporal Milore for control of his service pistol, with the intent to either remove it or deprive the Corporal of its use. Therefore, Appellant is not entitled to relief on this claimed error.

Tr. Ct. Op., at 6-7.

---

[6] Although this statement appears to challenge the weight of the evidence, Appellant asserts that he has abandoned his challenge to the weight of the evidence raised in his Pa.R.A.P. 1925(b) Statement. Appellant's Br. at 7 n.1.

We agree that the jury's verdict is supported by sufficient evidence.[7] As noted above, this Court's review is limited to whether the Commonwealth's evidence, and all reasonable inferences drawn therefrom, prove each element of the offense. Based on Corporal Milore's testimony—that Appellant had his two hands on the trooper's gun during the struggle on the ground—it was entirely reasonable for the jury to infer that Appellant attempted to remove the firearm while the trooper struggled to regain control of his weapon. ***See***, ***e.g.***, ***Commonwealth v. Soto***, 202 A.3d 80, 94-95 (Pa. Super. 2018) (where the appellant argued that he made contact with the officer's taser only as a defensive measure, this Court affirmed, noting that it is within the jury's provenance to credit or not credit the evidence presented by the Commonwealth). ***See*** N.T., 12/6/22, at 84-90 (Trooper Milore testifying regarding the struggle he and Appellant engaged in over the weapon), 93-95 (Trooper Milore stating Appellant "grabbed my pistol," and describing how he had to use two hands to block Appellant's access to the trigger with his "main concern" being "getting control of the pistol"), 113-115 (Trooper Milore describing on cross-examination how he was able to regain control of his firearm).

---

[7] We note that the offense of Disarming Law Enforcement contains no *mens rea* element requiring proof of intent; rather, the offense is complete if the act of removal or intent to remove the firearm occurred "without authorization." 18 Pa. C.S. § 5401.1. Thus, Appellant's intent is not relevant to our sufficiency analysis.

Appellant does not contend that the jury drew an unreasonable inference. Rather, he asks this Court to interpret the evidence that the Commonwealth presented, *i.e.*, Trooper Milore's testimony, in a light most favorable to Appellant and accept his assertion that his only intent was to prevent the police officer from hitting him or shooting him. Since Appellant's intent is irrelevant to this sufficiency review and in light of our standard of review, we decline to view the evidence as Appellant requests.

Based on our review of the certified record, we conclude that the jury reasonably inferred from the evidence presented that Appellant attempted to remove Trooper Milore's firearm from him without authorization. We, thus, conclude that sufficient evidence supports the conviction for Disarming Law Enforcement.

**D**.

In his second issue, Appellant challenges the discretionary aspects of his sentence when he argues that the trial court "erroneously applied" the "sentencing guidelines" by ordering the sentences imposed at counts 4 and 5 to run consecutively. Appellant's Br. at 17. Our review indicates that Appellant did not preserve this issue for appellate review. We, thus, lack jurisdiction to address it.

Generally, a sentencing court has discretion to impose a sentence concurrently or consecutively. ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013). Thus, a claim challenging an aggregate sentence resulting

from the imposition of consecutive sentences presents a challenge to the discretionary aspects of sentence. ***Id***. An appellant is not entitled as a matter of right to review of the discretionary aspects of his sentence. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010). Rather, an appellant invokes our jurisdiction by (1) filing a timely notice of appeal; (2) preserving the issue at sentencing or in a post-sentence motion; (3) including a statement pursuant to Pa.R.A.P. 2119(f); and (4) presenting a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b)." ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (citation omitted).

Here, Appellant filed a timely notice of appeal but did not preserve the issue in either his original post-sentence motion or his amended post-sentence motion. He has, therefore, failed to invoke our jurisdiction. ***Id***. at 533.[8]

**E.**

_____

[8] Moreover, Appellant's Rule 2119(f) Statement is defective in that it fails to include any attempt "to articulate[] the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process[.]" ***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002)(emphasis added). Further, even if Appellant had presented an adequate Rule 2119(f) Statement, he has failed to present a substantial question. ***See, e.g., Commonwealth v. Austin***, 66 A.3d 798, 809 (Pa. Super. 2013) (noting that a challenge to consecutive sentences raises a substantial question "in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.") (citation omitted)).

In sum, the Commonwealth presented sufficient evidence to support the jury's conviction for Disarming Law Enforcement so Appellant's first claim of error fails. With respect to his challenge to the discretionary aspects of his sentence, Appellant filed to preserve the issue for appellate review. Accordingly, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.


Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/11/2023