J-S43028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARMAND KIERRAN HOBSON | : | |
| | : | |
| Appellant | : | No. 1714 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 23, 2023
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000626-2022

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:          **FILED: JANUARY 31, 2024**

Appellant, Armand Kierran Hobson, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his open guilty plea to fleeing or attempting to elude police and recklessly endangering another person ("REAP").[1] We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history of this appeal are as follows. On April 22, 2022, the Commonwealth filed a criminal information charging Appellant with fleeing or attempting to elude police and REAP. On October 17, 2022, Appellant executed a plea agreement form memorializing his intent

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3733(a) and 18 Pa.C.S.A. § 2705, respectively.

to enter a guilty plea to these offenses, which were graded as second-degree misdemeanors. The form confirmed that the parties did not have an agreement as to sentence, stating: "Sentence at the court's discretion." (Plea Agreement, filed 10/17/22, at 1). That same day, the court conducted Appellant's guilty plea hearing. After a brief, on-the-record colloquy, the court accepted Appellant's plea. (*See* N.T. Plea Hearing, 10/17/22, at 5). At the conclusion of the hearing, the court ordered a presentence investigation ("PSI") report and scheduled a sentencing hearing.

Despite having counsel of record, Appellant filed a premature, *pro se* notice of appeal on December 16, 2022. On January 23, 2023, the court conducted Appellant's sentencing hearing. At the conclusion of the hearing, the court imposed an aggregate term of six (6) to eighteen (18) months' imprisonment.[2] The court also provided Appellant with credit for time served and granted immediate parole.[3]

---

[2] The maximum sentence for a second-degree misdemeanor is two (2) years of imprisonment. **See** 18 Pa.C.S.A. § 1104(2).

[3] "[I]n criminal cases appeals lie from judgment of sentence rather than from the verdict of guilt[.]" **Commonwealth v. O'Neill**, 578 A.2d 1334, 1335 (Pa.Super. 1990). Although Appellant filed a premature, *pro se* notice of appeal, we can treat the notice of appeal as filed after the imposition of sentence. **See** Pa.R.A.P. 905(a)(5) (providing that notice of appeal filed after announcement of determination but before entry of appealable order shall be treated as filed after such entry and on day thereof). Likewise, even though Appellant was represented by counsel when he filed the *pro se* notice of appeal, the rule against hybrid representation does not render Appellant's *pro se* notice of appeal a legal nullity. **See Commonwealth v. Williams**, 151
*(Footnote Continued Next Page)*

Thereafter, privately retained plea counsel filed an application to withdraw in this Court. In it, counsel observed that Appellant's *pro se* notice of appeal included allegations of counsel's ineffectiveness. (**See** Application to Withdraw, filed 5/5/23, at ¶3). By order entered May 9, 2023, this Court permitted plea counsel to withdraw and remanded the matter for the appointment of new counsel. On May 30, 2023, the trial court appointed current counsel to represent Appellant. Current counsel subsequently filed an application to withdraw and an appellate brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Preliminarily, counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79,

---

A.3d 621 (Pa.Super. 2016) (explaining that notice of appeal protects constitutional right, and it is distinguishable from other filings that require counsel to provide legal knowledge and strategy; this Court is required to docket *pro se* notice of appeal despite appellant being represented by counsel).

978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's reference to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is

- 4 -

frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed an application to withdraw. The application states that counsel conducted an examination of the record and relevant law to determine that the appeal is frivolous. Counsel also supplied Appellant with a copy of the **Anders** brief and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention.

In the **Anders** brief, counsel provided a statement of facts and procedural history of the case. The argument section of the brief refers to relevant case law concerning Appellant's issue, and it provides citations to facts from the record. Counsel also provides the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

Should Appellant be granted leave to withdraw his guilty plea?

(**Anders** Brief at 2).

On appeal, Appellant asserts that he entered an involuntary and unknowing plea. Appellant also contends that plea "counsel did not file pretrial

- 5 -

motions or properly negotiate his plea to take into account that he would be receiving a parole violation[.]" (*Id.* at 9). Appellant concludes that this Court must remand the matter and direct the trial court to allow Appellant to withdraw the guilty plea.[4] We disagree.

"Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468 (Pa.Super. 2017).

> In order to preserve an issue related to a guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion.
>
> In [*Commonwealth v. D'Collanfield*, 805 A.2d 1244 (Pa.Super. 2002)], we held appellant's issue challenging his guilty plea was waived since it was not raised at the colloquy, at the sentencing hearing, or through post-sentence motions.
>
>          \*    \*    \*
>
> The purpose of this waiver rule is to allow the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency. It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

*Id.* at 468-69 (internal citations and quotation marks omitted).

---

[4] To the extent Appellant seeks to challenge plea counsel's effectiveness, we emphasize that ineffectiveness claims must be raised at the collateral review stage. *See Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002).

Instantly, Appellant did not raise any objections during the guilty plea hearing on October 17, 2022. Thereafter, Appellant did not challenge his plea at the sentencing hearing or in a post-sentence motion. Because Appellant failed to object to the entry of the plea in the trial court in the first instance, his appellate issue is waived. **See id.** Further, our independent review of the record does not reveal any additional, non-frivolous issues preserved on appeal. **See Palm, supra**. Accordingly, we affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw is granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/31/2024