**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1298
_____

BRUCE ROWAN,
Appellant

v.

WARDEN JAMES T VAUGHN CORRECTIONAL CENTER;
ATTORNEY GENERAL DELAWARE
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-19-cv-00576)
District Judge: Honorable Colm F. Connolly
_____

Argued December 4, 2023
_____

Before: SHWARTZ, CHUNG, and MCKEE, <u>Circuit Judges</u>.

(Filed: December 11, 2023)
_____

OPINION[*]
_____

David R. Fine          [**ARGUED**]
K&L Gates
17 N Second Street
18th Floor
Harrisburg, PA 17101

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

*Counsel for Appellant Bruce Rowan*[1]

Andrew J. Vella          [**ARGUED**]
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801

> *Counsel for Appellees Warden James T. Vaughn Correctional Center and Attorney General of Delaware*

**SHWARTZ**, Circuit Judge.

Bruce Rowan appeals the order dismissing his habeas petition under 28 U.S.C. § 2254. For the following reasons, we will affirm.

I

In October 2009, a Delaware justice of the peace arraigned Rowan on charges of rape and child sexual abuse of a minor victim and set bail and other pretrial conditions. Rowan signed both the bond document, which set bail at $201,000, and a separate no-contact order, providing:

> You are ordered to have no contact, direct or indirect with the [victim] . . . . No direct or indirect contact means that you . . . cannot [] communicate with[] the alleged victim by . . . telephone . . . [or] in ANY way . . . . You understand that, because this is an order of the Court, you cannot violate this order even if the alleged victim requests, agrees, or contacts you in violation of this order . . . . You also understand that this order must be followed whether you post bail or are in jail. This order must be followed until it is changed or withdrawn by this Court or another [c]ourt having jurisdiction, or until the case is ended.

---

[1] The Court thanks David Fine, Esq., for his excellent work as pro bono counsel. Attorneys who act pro bono fulfill the highest service that members of the bar can offer to the Court and the legal profession.

Dist. Ct. ECF No. 13-2 at 20 (capitalization in original). Rowan did not make bail and was detained pending trial. A few weeks later, he was mistakenly released. At a second arraignment, this time before the Delaware Superior Court, the court set bond at $270,000 but did not expressly describe or reference the no-contact order. Unable to post bond, Rowan was again detained.

The jail provided each inmate, including Rowan, a personal identification number ("PIN") to use to make telephone calls. Between February and August 2010, Rowan called his victim more than fifty times from the jail in violation of the no-contact order, using exclusively other inmates' PINs.[2] During one of those recorded phone calls, Rowan told the victim that he was not permitted to contact her and could be charged with a felony for doing so.

Rowan was thereafter charged with fifty-six counts of knowingly breaching the no-contact order. Rowan moved to dismiss these counts, arguing that he "thought he was re-arrested" at the second arraignment and that the no-contact order no longer applied. Dist. Ct. ECF No. 13-2 at 105. The court denied the motion, finding that "we've got the bond that says no contact[, and] he does seem to have been aware of that." Id. A jury convicted Rowan of, among other things, continuous sexual abuse of a child, rape, and violating his bail conditions. He was sentenced to 395 years' imprisonment.

Rowan appealed to the Delaware Supreme Court, which rejected his argument that

---

[2] The trial record shows that (1) inmates had to use their PIN to place a call, sometimes swapped PINs, and knew that their calls were recorded; (2) the calls to the victim originated from various PINs that did not belong to Rowan; and (3) Rowan was the speaker on each call to the victim.

the Superior Court implicitly discharged the no-contact order at the second arraignment because there was (1) "nothing in the record . . . suggest[ing] that the no-contact order was not included in the reinstated bond[,]" and (2) as a matter of law, "[w]hen a person is charged with a crime involving child sexual abuse, [a] court must impose a no-contact condition, 'except upon good cause shown,' and . . . [the] condition remains in effect 'until a nolle prosequi is filed, the case is dismissed or an adjudication of not guilty is returned[,]'" none of which occurred. Rowan v. State, 45 A.3d 149, 2012 WL 1795829, at *1-2 (Del. Sup. Ct. May 16, 2012) (emphasis omitted) (quoting Del. C. § 2108(b)).

The Superior Court denied Rowan's motion for post-conviction relief, State v. Rowan, 2017 WL 5665032, at *6 (Del. Super. Ct. Nov. 21, 2017), and the Supreme Court of Delaware affirmed, Rowan v. State, 198 A.3d 725 (Table), 2018 WL 6505996, at *1-2 (Del. Sup. Ct. Dec. 10, 2018). The Supreme Court did not address Rowan's argument that he was deprived of due process when neither the Superior Court nor his trial counsel advised him at the second arraignment that the no-contact order remained in effect. Concerning Rowan's no-contact argument, the Supreme Court explained only that no relief was warranted because his claims arising from the no-contact order had been adjudicated on direct appeal. Id. at *2.

Rowan thereafter petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting, in relevant part, that the state court violated his due process rights when it failed to inform him of the no-contact order at his second arraignment. The District Court denied his petition, concluding that the no-contact order remained in effect, despite the "Superior Court's failure to explicitly re-impose" it. Rowan v. May et. al., Civ. No.

4

19-576 (CFC), 2022 WL 605694, at *10 (D. Del. Feb. 8, 2022). On the due process question, the District Court stated that it did not view Rowan as challenging the Supreme Court's holding on due process grounds, but even if it construed his argument that way, he "failed to show that the Delaware Supreme Court's ruling 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair[-]minded disagreement.'" Id. at *6 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).

We granted Rowan's request for a certificate of appealability on his due process claim because jurists of reason could disagree over whether "the conditions [of release] initially imposed had been discharged and not reinstated[,] . . . [and] he [therefore] did not have notice of the conditions." App. 2.[3]

---

[3] We also granted a certificate of appealability as to Rowan's claim that "his convictions for the breach of his conditions of release were unsupported by sufficient evidence," App. 2, but he has not pursued that claim.

II[4]

The sole question before us is whether Rowan's conviction for breaching his bond conditions violated due process because he was not specifically notified that the no-contact order remained in effect after the second arraignment.[5]

"No principle of procedural due process is more clearly established than that notice of the specific charge . . . [is] among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." Cole v. Arkansas, 333 U.S. 196, 201 (1948). In determining whether notice afforded to a defendant sufficiently accords with constitutional due process, the question is whether he received reasonable notice under the circumstances. Bibby v. Tard, 741 F.2d 26 (3d Cir. 1984) (citing Paterno v. Lyons, 334 U.S. 314, 320 (1948)).

---

[4] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

When, as here, a district court dismisses a habeas petition without an evidentiary hearing, our review of its order is plenary. Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009). Because the state courts did not address Rowan's due process claim predicated on a purported lack of notice that the no-contact order remained in effect, there is no determination to which a federal court can defer, and so we review this legal question de novo. Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (holding that in addressing a preserved issue in a federal habeas case not adjudicated by state courts, we "must conduct a de novo review over pure legal questions and mixed questions of law and fact") (citation omitted). We presume the state courts' factual determinations to be correct. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001). This presumption applies to implicit factual findings as well. Washington v. Sobina, 509 F.3d 613, 621 (3d Cir. 2007). Rowan bears the burden of "rebutting the presumption by 'clear and convincing evidence.'" Rice v. Collins, 546 U.S. 333, 339 (2006) (quoting 28 U.S.C. § 2254(e)(1)).

[5] Rowan concedes that the no-contact restriction remained in place after the second arraignment.

6

Here, Rowan received reasonable notice that the no-contact order remained in effect. By signing the original no-contact order, Rowan acknowledged that he could no longer communicate with the victim until that order was "changed or withdrawn," or "the case [] ended." Rowan v. May et. al., Civ. No. 19-576 (CFC), Dkt. 13-2 at 20 (D. Del. Feb. 17, 2020). Although Rowan was erroneously released from jail, and although the Superior Court set a new bail amount at the second arraignment without referencing the no-contact order, nothing else occurred before or during the second arraignment that could have caused Rowan to reasonably believe that the court vacated the no-contact order he signed at the original arraignment. To the contrary, the record shows that at the time of the second arraignment, the no-contact order had not been changed or withdrawn, and the case was ongoing. Indeed, the statute under which the no-contact condition was imposed clearly states it remains in effect until withdrawn or the case concludes.[6] 11 Del. Code § 2108(b).

Because Rowan received actual notice of the no-contact order, and the Constitution does not require that the court repeat that which he was already told, he has failed to establish that he lacked notice of the no-contact order and, thus, his convictions for breaching that order did not violate due process.[7]

---

[6] Additionally, the record shows that Rowan knew that he was forbidden from contacting the victim. Rowan used other inmates' PINs to place fifty-six calls to the victim, demonstrating an effort to conceal his improper conduct, and during one call, Rowan told the victim that if he was caught contacting her, he would be charged with a felony.

[7] To the extent that Rowan contends that an evidentiary hearing is warranted to develop the factual record on the issue of notice, Shinn v. Ramirez, 596 U.S. 366, 390-91

## III

For the foregoing reasons, we will affirm.

---

(2022), prevents the District Court on remand from relying upon evidence gathered outside of the state court proceedings.